UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRIVE NATURAL CARE, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>LE-VEL BRANDS, LLC,<br><br>        Defendant. | Case No. 2:21-cv-02022-DOC-KES<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: April 12, 2021<br>Time: 8:30 a.m.<br>Court: 9D<br><br>Hon. David O. Carter<br>United States District Court Judge<br>Complaint filed: March 4, 2021 |

  Having considered Plaintiff Thrive Natural Care, Inc.'s ("Thrive") Motion for Preliminary Injunction against Le-Vel Brands, LLC ("LBL"), the Opposition and Reply papers; the evidence presented in support and in opposition to the Motion; the parties' oral arguments, if any; and the records on file in this matter; and good cause having been shown, the Court hereby finds and concludes that:

  1. Thrive is highly likely to succeed on the merits of its claims for trademark infringement. Thrive has adduced sufficient evidence to establish a high likelihood of proving that LBL is infringing Thrive's trademark rights, including through the marketing and sale of skincare products under the name "THRIVE SKIN" (the "Infringing Products"), which are confusingly and substantially similar to the valid and protectable THRIVE trademarks, which Thrive uses in connection with its various skincare products (the "Thrive Products"). Thrive has demonstrated a likelihood that, due to the similarity between elements of the marks and packaging for the Infringing Products and the THRIVE trademarks, consumers will believe that the Infringing Products come from, are sponsored or licensed by, or are associated or affiliated with Thrive, or that the Thrive Products come from, are sponsored or licensed by, or are associated or affiliated with LBL.

  2. Because Thrive has proven it is likely to succeed on the merits, the Court presumes pursuant to the Lanham Act, as amended by the Trademark Modernization Act, that Thrive has suffered and will continue to suffer irreparable harm from LBL's actions. LBL has not rebutted that presumption, which leads the Court to find irreparable harm exists and would continue to occur without issuance of a preliminary injunction.

  3. In addition, Thrive has submitted evidence showing that it is likely to suffer immediate and irreparable injury as a result of LBL's conduct because the Infringing Products are likely to confuse consumers; are targeted at the same consumers; and are likely to interfere with Thrive's substantial efforts and exclusive rights to control its trademarks, brand reputation and goodwill, including but not

limited to the channels in which the Thrive Products are marketed and sold, and the price points at which it sells the Thrive Products.

4. Thrive is likely to suffer immediate and irreparable injury if LBL, and all those acting on its behalf or in concert or participation with LBL, are not enjoined from (i) all sales, distribution, and advertising of the Infringing Products; (ii) all efforts to sell, distribute, or advertise the Infringing Products; and (iii) referencing, mentioning, or using in any way the "THRIVE SKIN" terms and symbols or any other mark, text, symbol, or combination thereof that is confusingly similar to the THRIVE marks.

5. The balance of hardships and the public interest tip sharply in favor of issuing a preliminary injunction. Thrive has presented sufficient evidence to conclude that LBL is currently engaged in unlawful and infringing conduct, the cessation of which will not cause hardship and which outweighs the harm caused by that conduct to Thrive's business, goodwill and reputation.

On the basis of the foregoing findings of fact and conclusions of law, it is hereby ORDERED and ADJUDGED that:

1. Thrive's Motion for a Preliminary Injunction is GRANTED.

2. LBL and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from LBL, or in concert or participation with LBL, be enjoined from advertising, displaying, selling, or distributing:

    a. Any skincare or personal grooming products bearing the "THRIVE" or "THRIVE SKIN" mark or name, including but not limited to all Infringing Products and the products currently referred to as "Infinite CBD Enzyme Peel," "Infinite CBD Correcting Serum,"  "Infinite Daily Detox Purifying Bar," "Infinite Charcoal Activated Mask," "Infinite Hand & Foot Reparative

- 2 -
[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

1 Cream," "Infinite Skin and Hair Peptide Gel," and "Infinite Detox
2 Body Scrub," which are depicted below:



23     b.     Any product bearing a trademark or symbol that is confusingly
24     similar to Thrive's trademark, Registration No. 4,467,942, for the
25     mark THRIVE in standard characters, provided said product falls
26     within a category of goods listed in this registration.
27     c.     Any product bearing a trademark or symbol that is confusingly
28     similar to Thrive's trademark, Registration No. 6,164,303, for the

mark THRIVE in standard characters, provided said product falls within a category of goods listed in this registration.

3.   LBL and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from LBL, or in concert or participation with LBL, shall be and hereby are effective immediately, ordered to:

      a.   Recall and sequester all existing Infringing Products.

      b.   Provide to Thrive and its counsel of record within 30 days of entry of this Order an accounting of all Infringing Products manufactured, sold, and sequestered in inventory.

      c.   Post a notice on LBL's website homepage at www.le-vel.com and on LBL's Instagram page stating that:

> Le-Vel Brands, LLC the manufacturer of "Thrive Skin" products has been required the United States District Court for the Central District of California to post this notice in order to avoid further confusion in the marketplace. "Thrive Skin" products formerly sold through this website and by Le-Vel Brands and Le-Vel's Brand Promoters have no affiliation, and have never had any affiliation, with products made and sold by Thrive Natural Care, Inc. The Court has ordered that Le-Vel Brands can no longer sell "Thrive Skin" products in order to avoid confusion between those products and skincare products sold by Thrive Natural Care.

4.   LBL file with this Court and serve on Thrive within 30 days a report in writing under oath, setting forth in detail the manner and form in which LBL has complied with the above injunction.

No bond will be required of Thrive at this time. Violation of this Preliminary Injunction shall expose LBL and all other persons bound by this Preliminary Injunction to all applicable penalties, including contempt of Court. The foregoing preliminary injunction shall be in full force and effect until such time as this Court has entered a final judgment on the merits of all claims in this case, or until such time as this Court enters a further Order lifting or modifying the preliminary injunction granted hereby.

IT IS SO ORDERED.

DATED: April ___, 2021

_____
Hon. David O. Carter
United States District Court Judge