KENDALL BRILL & KELLY LLP
Alan Jay Weil (63153)
 ajweil@kbkfirm.com
Shauna E. Woods (300339)
 swoods@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile:  310.556.2705

FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Mark Sommers (*pro hac vice* forthcoming)
 mark.sommers@finnegan.com
Patrick Rodgers (*pro hac vice* forthcoming)
 patrick.rodgers@finnegan.com
901 New York Avenue, NW,
Washington, DC 20001-4413
Telephone:  (202) 408-4064
Facsimile:   (202) 408-4400
Morgan E. Smith (SBN 293503)
 morgan.smith@finnegan.com
3300 Hillview Avenue
Palo Alto, CA 94304
Telephone:  (650) 849-6600
Facsimile:   (650) 849-6666

Attorneys for Specially Appearing
Defendant Le-Vel Brands, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| THRIVE NATURAL CARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> LE-VEL BRANDS, LLC, <br><br> Defendant. | Case No. 2:21-CV-02022-DOC-KES <br><br> **REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER TAKING OFF-CALENDAR PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION OR ALTERNATIVELY CONTINUING THE MOTION TO A DATE AFTER HEARING ON DEFENDANT'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE** <br><br> Judge:  Hon. David O. Carter <br> Crtrm.:   9D <br> Action Filed:      March 4, 2021 <br> Trial Date:       TBD |

# REPLY IN SUPPORT OF *EX PARTE* APPLICATION

### 1. *Plaintiff offered no workable compromise.*

Plaintiff's assertion that it offered a workable compromise is belied by the facts. Plaintiff admits it has known of Le-Vel's alleged infringing sales since at least October 2020. Yet it waited *five months* (if not more) to file its complaint and a preliminary injunction motion and then set the motion for hearing as early as possible. Such delay belies any claim of irreparable harm. *Playboy Enters. v. Netscape Communs. Corp.*, 55 F. Supp. 2d 1070, 1080, 1090 (C.D. Cal. 1999) (finding that five-month delay in filing motion for preliminary injunction demonstrated lack of any irreparable harm). Le-Vel requested what it is entitled to under the rules—the minimum time given to all defendants for Rule 12(b) motions to be prepared and decided—and to obtain limited discovery to oppose Plaintiff's Motion if Le-Vel's motions were denied.

Plaintiff refused. It offered only a one-week continuance of the hearing, knowing Le-Vel could not possibly prepare and notice Rule 12(b) motions for hearing and both obtain the necessary discovery *and* include it in an opposition to Plaintiff's Motion on that schedule.

Plaintiff also did everything it could to make sure Le-Vel would not get the minimum time to which it is entitled under the Federal Rules. First, it strung out the meet and confer process for almost a week. Second, it conditioned a one-week extension on Le-Vel providing discovery on shortened time (discovery which Plaintiff apparently did not need prior to filing its Motion), which would sabotage Le-Vel's time to prepare its opposition and its two Rule 12 motions. Moreover, Plaintiff could not have believed it needed discovery from Le-Vel, since it must have concluded it already had sufficient bases to file its Motion absent such discovery. Thus, Plaintiff must have known that its offer of a one-week continuance, preconditioned on documents from Le-Vel, was unreasonable and unnecessary, and would make it extraordinarily difficult, if not impossible for Le-Vel to properly

1  defend itself.

2  Third, during the meet and confer process, Plaintiff's counsel represented in
3  writing that if Le-Vel provided a declaration with numbers demonstrating that
4  Le-Vel had an inadequate presence for venue in the Central District, "then [Plaintiff]
5  would be unable to oppose the [venue] motion." In other words, that Plaintiff would
6  dismiss and refile in a proper district if Le-Vel provided the declaration or at least
7  agree to take its motion off calendar. However, after Le-Vel provided that
8  declaration, Plaintiff's counsel gamed the meet and confer process by using the
9  declaration in opposition to the *ex parte* application.[1]

10  In short, Plaintiff offered no compromise at all. It made one offer of a
11  conditional, one-week continuance of the hearing date and nothing more, all while
12  pretending to meet and confer in good faith.

13  **2.  *Plaintiff improperly attempts to transform the ex parte application --***
14  ***which seeks nothing more than a necessary postponement of Plaintiff's Motion -- ***
15  ***into Le-Vel's jurisdiction and venue motions before they are filed.***

16  Having no arguments on the merits of Le-Vel's reasonable ex parte request,
17  Plaintiff's opposition is devoted primarily to arguing that Le-Vel cannot prevail on
18  either a Rule 12(b) personal jurisdiction or venue motion. But those arguments must
19  await Le-Vel's motions, which are not due under the rules until March 30 at the
20  earliest. Plaintiff's opposition thus attempts to mislead the Court into adjudicating
21  the merit of motions that have not yet been filed. Le-Vel believes that if given a fair
22  opportunity—at least the minimum time to respond to the complaint—it can
23  demonstrate the merit of its intended motions. That fair opportunity requires the

---

[1] In his Declaration, Plaintiff's counsel claims that Le-Vel "served" discovery at the beginning of the meet-and-confer process.  Dkt. 14-3, McArthur Decl. at ¶ 3.  Not so.  Le-Vel sent *drafts* of its proposed discovery requests as part of its initial meet-and-confer about expedited discovery, which occurred the day before Le-Vel raised the issues of jurisdiction and venue.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603288582.1                                    2                    Case No. 2:21-CV-02022-DOC-KES
REPLY ISO EX PARTE APPLICATION TO TAKE OFF-CALENDAR PRELIMINARY INJUNCTION

same number of days given to any defendant upon service of a complaint. Le-Vel's *ex parte* application seeks nothing more than fair play and due process—the right to make Rule 12(b) motions that may be case-dispositive in this Court. Plaintiff cannot deprive Le-Vel of that right.

### 3. *Le-Vel's motions are not hypothetical.*

Plaintiff asserts that Le-Vel's motions are only hypothetical since they have not yet been filed. That assertion is frivolous. The earliest deadline to file those motions has not arrived. Plaintiff gave no advance notice that it would sue Le-Vel in the Central District as opposed to in Le-Vel's principal place of business in Texas. Only when Plaintiff sued here did Le-Vel have reason to retain counsel to defend it and explore personal jurisdiction and venue defenses. Surely Le-Vel is entitled to at least 21 days to file those motions if Plaintiff waited at least five months to file its motion.

### 4. *Plaintiff relies on cases that do not reflect current Ninth Circuit and Supreme Court precedent on personal jurisdiction or venue*

Not only does Plaintiff improperly argue the merits of Le-Vel's as-yet-filed jurisdiction and venue motions, in doing so, ignores Supreme Court and Ninth Circuit precedent.  After the Supreme Court's decision in *Walden v. Fiore*, the Ninth Circuit no longer "impermissibly allow[ed] a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis." *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017) ("The Court made clear that we must look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum") (quoting *Walden v. Fiore*, 571 U.S. 277, 289 (2014)). Further, a "highly interactive" website is "insufficient to show a prima face case of specific personal jurisdiction." *ThermoLife Int'l, Ltd. Liab. Co. v. NetNutri.com Ltd. Liab. Co.*, 813 Fed. App'x 316, 318 (9th Cir. 2020). *See also AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201 (9th Cir. 2020) (holding that geo-located advertisements did not satisfy the "purposeful direction" test for

1  specific jurisdiction).  Le-Vel plans to address these and other reasons for dismissal
2  or transfer in its motions, the proper vehicle for such arguments on the merits.
3       Le-Vel respectfully requests that the Court grant the *ex parte* application.

5  DATED:  March 17, 2021     KENDALL BRILL & KELLY LLP

By:    /s/ Alan Jay Weil
     Alan Jay Weil
     Attorneys for Specially Appearing
     Defendant Le-Vel Brands, LLC

FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, LLP
Mark Sommers (*pro hac vice* forthcoming)
Morgan E. Smith (SBN 293503)
Patrick J. Rodgers (*pro hac vice* forthcoming)

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603288582.1     4     Case No. 2:21-CV-02022-DOC-KES
REPLY ISO EX PARTE APPLICATION TO TAKE OFF-CALENDAR PRELIMINARY INJUNCTION