1  KENDALL BRILL & KELLY LLP
   Alan Jay Weil (63153)
2    *ajweil@kbkfirm.com*
   Shauna E. Woods (300339)
3    *swoods@kbkfirm.com*
   10100 Santa Monica Blvd., Suite 1725
4  Los Angeles, California 90067
   Telephone: 310.556.2700
5  Facsimile:  310.556.2705

6  FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, LLP
7  Mark Sommers (*pro hac vice* forthcoming)
    mark.sommers@finnegan.com
8  Patrick Rodgers (*pro hac vice* forthcoming)
   patrick.rodgers@finnegan.com
9  901 New York Avenue, NW,
   Washington, DC 20001-4413
10 Telephone:  (202) 408-4064
   Facsimile:   (202) 408-4400
11 Morgan E. Smith (SBN 293503)
    morgan.smith@finnegan.com
12 3300 Hillview Avenue
   Palo Alto, CA 94304
13 Telephone:  (650) 849-6600
   Facsimile:   (650) 849-6666
14
   Attorneys for Specially Appearing
15 Defendant Le-Vel Brands, LLC

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| THRIVE NATURAL CARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> LE-VEL BRANDS, LLC, <br><br> Defendant. | Case No. 2:21-CV-02022-DOC-KES <br><br> **LE-VEL'S RESPONSE IN SUPPORT OF PLAINTIFF'S APPLICATION TO FILE DOCUMENTS UNDER SEAL (DKT NO. 14)** <br><br> Judge: Hon. David O. Carter <br> Crtrm.: 9D <br><br> Action Filed: March 4, 2021 <br> Trial Date: TBD |

On March 16, Thrive Natural Care, Inc. filed an application to file certain of Le-Vel's confidential information under seal. *See* Dkt. No. 14 (Application to File Documents Under Seal); Dkt. No. 15 (Sealed Declaration in Support of Application). Pursuant to Civil Local Rule 79-5 and this Court's Standing Orders, Le-Vel hereby requests that the Court grant Plaintiff's application to file the following under seal to protect Le-Vel's confidential proprietary information:

- Exhibit 1 to the Declaration of Stephen McArthur in support of Plaintiff's Application for Leave to File Under Seal ("Exhibit 1"), which is an unredacted copy of Plaintiff's Opposition to Defendant's *Ex Parte* Application Cancel Hearing on Preliminary Injunction Motion ("Plaintiff's Opposition")
- Exhibit 2 to the Declaration of Stephen McArthur in support of Plaintiff's Application for Leave to File Under Seal ("Exhibit 2"), which is an unredacted copy of the Declaration of Stephen McArthur in support of Plaintiff's Opposition to Defendant's *Ex Parte* Application to Cancel Hearing on Preliminary Injunction Motion

In the event Plaintiff's application is denied, Le-Vel requests that the documents be returned to counsel.

This application is based on the Declaration of Drew S. Hoffman in Support of Le-Vel's Application to File Under Seal, which was filed concurrently with this response.

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Court weighs the competing interests of the public and the party requesting sealing, determines whether the party's request is based "on a compelling reason," and must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679, 681 n.6 (9th Cir. 2010). Generally, compelling reasons sufficient to "justify sealing court records exist when such 'court

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1                           Case No. 2:21-CV-02022-DOC-KES
LE-VEL'S RESPONSE IN SUPPORT OF PLAINTIFF'S APPLICATION TO FILE DOCUMENTS UNDER SEAL

files might have become a vehicle for improper purposes.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citations omitted). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id*. at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) (applying Ninth Circuit law). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210. Section 3426.5 states that a court "shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action . . . ." Cal. Civ. Code § 3426.5.

Le-Vel is a health and wellness lifestyle company that offers a wide array of goods, including vitamins (such as capsules, powders, and gels), vitamin skin patches, vitamins for the skin, snacks, and skincare products. Decl. of Drew Hoffman ("Hoffman Decl."), ¶ 2. Le-Vel's business is highly competitive in nature and Le-Vel has invested considerable time and resources over the years in developing and protecting proprietary information regarding its business model, including financial performance and marketing strategies. *Id.*, ¶ 3. Le-Vel develops its marketing and advertising plans and sales projections based on the information it has compiled, including historical sales information. *Id.* Public disclosure of this information would place Le-Vel at a competitive disadvantage and/or possibly cause other harm to Le-Vel. *See*, *id.* To maintain its competitive position and prevent competitors from improperly using Le-Vel confidential information, Le-Vel takes

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

2                                                              Case No. 2:21-CV-02022-DOC-KES
LE-VEL'S RESPONSE IN SUPPORT OF PLAINTIFF'S APPLICATION TO FILE DOCUMENTS UNDER SEAL

1  steps to prevent public disclosure of its confidential information.  *Id.*, ¶ 4.  To that
2  end, Le-Vel intends to enter into a protective order with the Plaintiff to keep such
3  information confidential throughout this litigation.  *Id.*
4         Here, good cause and compelling reasons exist to protect Le-Vel's
5  confidential, proprietary information regarding its financial standing and marketing
6  strategy.
7         In its application, Plaintiff's counsel attached (i) unredacted versions of the
8  documents it sought to file under seal and (ii) redacted public versions of the
9  documents it sought to file under seal with only Le-Vel's confidential proprietary
10 information redacted in order to aid the public's ability to understand the substance
11 of the issues or any decision issued by the Court.  *See* Dkt. Nos. 14 (filing the
12 redacted public versions), 15 (filing the unredacted versions).
13        The redacted portions of Exhibit 1 contain proprietary confidential
14 information relating to Le-Vel's financial information, such as total amounts of sales
15 and number of units sold of its products, and specifics of its marketing and
16 advertising strategy.  Hoffman Decl., ¶ 15.  This information is useful in Le-Vel's
17 line of business to project future sales, understand product success, and adapt
18 marketing and advertising business plans.  *Id*.  Le-Vel takes steps to keep this
19 information private and confidential, including, in this instance, only disclosing this
20 information to counsel for Plaintiff upon agreement that the information would be
21 treated as *Attorneys Eyes Only*.  *Id.*  Disclosure of this information would place Le-
22 Vel at a competitive disadvantage and/or possibly cause other harm to Le-Vel.  *Id.*,
23 ¶¶ 3-4, 15.  The redactions are narrowly tailored to only those portions containing
24 Le-Vel's confidential information, so as to aid the public's ability to understand the
25 substance of the issues or any decision issued by the Court.  *Id.*  Thus, the
26 unredacted version of the Exhibit 1 should be sealed.
27        The redacted portions of Exhibit 2 contain proprietary confidential
28 information relating to Le-Vel's financial information, such as total amounts of

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

3                              Case No. 2:21-CV-02022-DOC-KES
LE-VEL'S RESPONSE IN SUPPORT OF PLAINTIFF'S APPLICATION TO FILE DOCUMENTS UNDER SEAL

sales, number of units sold of its products, and specifics of its marketing and advertising strategy. Hoffman Decl., ¶ 15. This information is useful in Le-Vel's line of business to project future sales, understand product success, and adapt marketing and advertising business plans. *Id*. Le-Vel takes steps to keep this information private and confidential, including, in this particular instance, only disclosing this information to counsel for Plaintiff upon agreement that the information would be treated as *Attorneys Eyes Only*. *Id.* Disclosure of this information would place Le-Vel at a competitive disadvantage and/or possibly cause other harm to Le-Vel. *Id.*, ¶¶ 3-4, 15. The redactions are narrowly tailored to only those portions containing Le-Vel's confidential information, so as to aid the public's ability to understand the substance of the issues or any decision issued by the Court. *Id*. Thus, the unredacted version of the Exhibit 1 should be sealed.

DATED: March 22, 2021            KENDALL BRILL & KELLY LLP

                                 By:      /s/ Alan Jay Weil
                                     Alan Jay Weil
                                     Attorneys for Specially Appearing
                                     Defendant Le-Vel Brands, LLC

                                 FINNEGAN, HENDERSON,
                                   FARABOW, GARRETT & DUNNER, LLP
                                 Mark Sommers (*pro hac vice* forthcoming)
                                 Morgan E. Smith (SBN 293503)
                                 Patrick J. Rodgers (*pro hac vice* forthcoming)