KENDALL BRILL & KELLY LLP
Alan Jay Weil (63153)
 ajweil@kbkfirm.com
Shauna E. Woods (300339)
 swoods@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Mark Sommers (*pro hac vice* forthcoming)
 mark.sommers@finnegan.com
Patrick Rodgers (*pro hac vice* forthcoming)
 patrick.rodgers@finnegan.com
901 New York Avenue, NW,
Washington, DC 20001-4413
Telephone:  (202) 408-4064
Facsimile:   (202) 408-4400
Morgan E. Smith (SBN 293503)
 morgan.smith@finnegan.com
3300 Hillview Avenue
Palo Alto, CA 94304
Telephone:  (650) 849-6600
Facsimile:   (650) 849-6666

Attorneys for Specially Appearing
Defendant Le-Vel Brands, LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| THRIVE NATURAL CARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> LE-VEL BRANDS, LLC, <br><br> Defendant. | Case No. 2:21-CV-02022-DOC-KES <br><br> **APPLICATION TO FILE DOCUMENTS IN CONNECTION WITH LE-VEL'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION UNDER SEAL PURSUANT TO L.R. 79-5 AND THIS COURT'S STANDING ORDERS** <br><br> Judge: Hon. David O. Carter <br> Crtrm.: 9D <br><br> Action Filed: March 4, 2021 <br> Trial Date: TBD |

603288558

Case No. 2:21-CV-02022-DOC-KES

APPLICATION TO FILE DOCUMENTS UNDER SEAL

Pursuant to Civil Local Rule 79-5 and this Court's Standing Orders, Le-Vel hereby requests the Court's permission to file the following under seal to protect Le-Vel's confidential proprietary information:

- Le-Vel's Opposition to Plaintiff's Motion for a Preliminary Injunction ("Opposition Brief")
- Declaration of Drew S. Hoffman in Support of Opposition to Plaintiff's Motion for Preliminary Injunction ("Hoffman Declaration") and Exhibits 1, 2, and 27 to the Hoffman Declaration
- Exhibits 1 and 3 to the Declaration of Shauna E. Woods in Support of Opposition to Plaintiff's Motion for Preliminary Injunction ("Woods Declaration").  Exhibit 1 is the Expert Report of Dr. Michael J. Barone ("Barone Report").  Exhibit 3 is the Expert Declaration of Mr. John Plumpe ("Plumpe Expert Declaration").
- Exhibit 1 to the Declaration of Morgan E. Smith in Support of Opposition to Plaintiff's Motion for Preliminary Injunction ("Smith Declaration")

This application is based on the Declarations of Drew S. Hoffman and Morgan E. Smith.  Counsel for Plaintiff has indicated it will not oppose this application.  Decl. of Morgan E. Smith ("Smith Decl."), ¶¶ 2-4.  In the event this application is denied, Le-Vel requests that the documents be returned to counsel.

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The Court weighs the competing interests of the public and the party requesting sealing, determines whether the party's request is based "on a compelling reason," and must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679, 681 n.6 (9th Cir. 2010).  Generally, compelling reasons sufficient to "justify sealing court records exist when such 'court files might have become a vehicle for improper purposes.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citations omitted).

"'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id*. at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) (applying Ninth Circuit law). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210. Section 3426.5 states that a court "shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action . . . ." Cal. Civ. Code § 3426.5.

Here, compelling reasons exist to protect Le-Vel's confidential, proprietary information regarding its financial standing, sales, future products, marketing plans and expenditures, and customer information. Moreover, attached hereto are (i) unredacted versions of the documents Le-Vel seeks to file under seal with proposed redactions highlighted and (ii) redacted public versions of the documents Le-Vel seeks to file under seal with only Le-Vel's confidential proprietary information redacted in order to aid the public's ability to understand the substance of the issues or any decision issued by the Court:

- A redacted public version of the Opposition Brief is attached as Exhibit A.
- An unredacted version of the Opposition Brief proposed to be filed under seal is attached as Exhibit B. Proposed redactions have been highlighted.

- A redacted public version of the Hoffmann Declaration with Exhibits 1-29 is attached as Exhibit C. Le-Vel only seeks to seal certain portions of the declaration, certain portions of Exhibits 1 and 2, and Exhibit 27.
- An unredacted version of the Hoffmann Declaration with Exhibits 1-29 proposed to be filed under seal is attached as Exhibit D. Proposed redactions in the declaration and Exhibits 1 and 2 have been highlighted. Le-Vel seeks to seal Exhibit 27 in its entirety.
- A redacted public version of the Smith Declaration with Exhibits 1-21 is attached as Exhibit E. Le-Vel only seeks to seal certain portions of Exhibit 1.
- An unredacted version of the Smith Declaration with Exhibits 1-21 proposed to be filed under seal is attached as Exhibit F. Proposed redactions have been highlighted in Exhibit 1.
- A redacted public version of the Woods Declaration with Exhibits 1-3 is attached as Exhibit G. Le-Vel seeks to seal Exhibit 3 and certain portions of Exhibit 1.
- An unredacted version of the Woods Declaration with Exhibits 1-3 proposed to be filed under seal is attached as Exhibit H. Proposed redactions have been highlighted in Exhibit 1. Le-Vel seeks to seal Exhibit 3 in its entirety.

Le-Vel is a health and wellness lifestyle company that offers a wide array of goods, including vitamins (such as capsules, powders, and gels), vitamin skin patches, vitamins for the skin, snacks, and skincare products. Decl. of Drew Hoffman ("Hoffman Decl."), ¶ 2. Le-Vel's business is highly competitive in nature and Le-Vel has invested considerable time and resources over the years in developing and protecting proprietary information regarding its business model, including product expansion plans and marketing strategies. *Id.*, ¶ 3. Le-Vel

develops its marketing and advertising plans, product positioning, pricing, and sales projections based on the information it has compiled about its consumer base, such as consumer demographics and behaviors, and historical sales information, such as total sales and sales growth. *Id.* Public disclosure of this information would place Le-Vel at a competitive disadvantage and/or possibly cause other harm to Le-Vel. *See*, *id.*

In order to maintain its competitive position and prevent competitors from improperly using Le-Vel confidential information, Le-Vel takes steps to prevent public disclosure of its confidential information. *Id.*, ¶ 4. To that end, Le-Vel intends to enter into a stipulated protective order with the Plaintiff, subject to Court approval, so as to keep such information confidential throughout this litigation. *Id.*

The redacted portions of the Opposition Brief contain proprietary confidential information relating to Le-Vel's financial information, such as total amounts of sales and descriptions of sales growth for different periods of time. Hoffman Decl., ¶ 6. This information is highly useful in Le-Vel's line of business to project future sales, understand product success, and adapt marketing and advertising business plans. *Id*. Le-Vel takes steps to keep this information private and confidential and disclosure of this information would place Le-Vel at a competitive disadvantage and/or possibly cause other harm to Le-Vel. *Id.*, ¶¶ 3-4, 6. Le-Vel has narrowly tailored its redactions to the Opposition Brief to only those portions containing Le-Vel's confidential information, so as to aid the public's ability to understand the substance of the issues or any decision issued by the Court. *Id.* Thus, the unredacted version of the Opposition Brief should be sealed.

The redacted portions of the Hoffman Declaration contain proprietary confidential information relating to Le-Vel's finances, such as total amounts of sales and descriptions of sales growth for different periods of time, consumer behavior, product development, and marketing strategy and expenditures. Hoffman Decl., ¶ 7. This information is highly useful in Le-Vel's line of business to project future sales,

understand product success and consumers, and adapt marketing and advertising business plans.  Hoffman Decl., ¶ 7. Le-Vel takes steps to keep this information private and confidential and disclosure of this information would place Le-Vel at a competitive disadvantage and/or possibly cause other harm to Le-Vel. *Id.*, ¶¶ 3-4, 7. Le-Vel has narrowly tailored its redactions to the Hoffman Declaration to only those portions containing Le-Vel's confidential information, so as to aid the public's ability to understand the substance of the issues or any decision issued by the Court. *Id.* Thus, the unredacted version of the Hoffman Declaration should be sealed.

The redacted portions of Exhibit 1 to the Hoffman Declaration contain confidential information because it comprises Le-Vel's internal invoices that show customer personal information (e.g., name and address). *Id.*, ¶¶ XX.  Disclosure of customer information to the general public could cause harm to those identified in the invoices and would place Le-Vel at a competitive disadvantage and/or possibly cause other harm to Le-Vel. *Id.*, ¶¶ 3-4, 8.  Le-Vel has narrowly tailored its redactions to Exhibit 1 to the Hoffman Declaration to only those portions containing Le-Vel's confidential information, so as to aid the public's ability to understand the substance of the issues or any decision issued by the Court.  *Id.*  Thus, the unredacted version of Exhibit 1 to the Hoffman Declaration should be sealed.

The redacted portions of Exhibit 2 to the Hoffman Declaration contain confidential information because it comprises a summary of  Le-Vel's internal invoices that show customer personal information (e.g., name and address).  *Id.*, ¶ 9. Disclosure of this customer information to the general public could cause harm to those identified in the invoices and would place Le-Vel at a competitive disadvantage and/or possibly cause other harm to Le-Vel. *Id.*, ¶¶ 3-4, 9.  Le-Vel has narrowly tailored its redactions to Exhibit 2 to the Hoffman Declaration to only those portions containing Le-Vel's confidential information, so as to aid the public's ability to understand the substance of the issues or any decision issued by the Court. *Id.* Thus, Exhibit 2 to the Hoffman Declaration should be sealed.

Exhibit 27 to the Hoffman Declaration should be sealed in its entirety because it contains proprietary confidential information relating to Le-Vel's finances, such as sales, pricing, inventory, product breakdowns, statistics relating to method of sales, marketing and advertising strategies and expenditures, future products, and future estimated expenditures. *Id.*, ¶ 10. This information is highly useful in Le-Vel's line of business to project future sales and company expansion, understand product success and consumer behavior, and adapt marketing and advertising business plans. *Id.*, ¶ 10. Le-Vel takes steps to keep this information private and confidential and disclosure of this information would place Le-Vel at a competitive disadvantage and/or possibly cause other harm to Le-Vel. *Id.*, ¶¶ 3-4, 10. Thus, Exhibit 27 to the Hoffman Declaration should be sealed in its entirety.

The redacted portions of the Barone Report (Exhibit 1 to the Declaration of Shauna E. Woods) contains highly proprietary confidential information relating to Le-Vel's finances and business, such as total amounts of sales and descriptions of sales growth for different periods of time. Hoffman Decl., ¶ 11. This information is highly useful in Le-Vel's line of business to project future sales, understand product success, and adapt marketing and advertising business plans. *Id.*, ¶ 11. Le-Vel takes steps to keep this information private and confidential and disclosure of this information would place Le-Vel at a competitive disadvantage and/or possibly cause other harm to Le-Vel. *Id.*, ¶¶ 3-4, 11. Le-Vel has narrowly tailored its redactions to the Barone Report to only those portions containing Le-Vel's confidential information, so as to aid the public's ability to understand the substance of the issues or any decision issued by the Court. *Id.* Thus, the unredacted version of the Barone Report should be sealed.

The Plumpe Expert Declaration (Exhibit 3 to the Declaration of Shauna E. Woods) should be sealed in its entirety because it contains proprietary confidential information relating to Le-Vel's finances, such as sales, pricing, statistics relating to method of sales, future estimated expenditures, inventory, consumer demographics,

product breakdowns, customer demographics and data, marketing and advertising strategies and expenditures, competitive advantages, company expansion plans, future products, and product development.  Hoffman Decl., ¶ 12.  The Plumpe Expert Declaration is also a confidential proprietary report that Le-Vel commissioned specifically to respond to Plaintiff's preliminary injunction motion.  *Id.*  The Plumpe Expert Declaration contains detailed analysis of Le-Vel's finances, company expansion plans, product development, and the types of harm Le-Vel would suffer should a preliminary injunction issue in this case.  *Id.*  This information is highly useful in Le-Vel's line of business to project future sales and company expansion, understand product success and consumer behavior, and adapt marketing and advertising business plans.  *Id.*  Le-Vel takes steps to keep this information private and confidential and disclosure of this information would place Le-Vel at a competitive disadvantage and/or possibly cause other harm to Le-Vel.  *Id.*, ¶¶ 3-4, 12.  Thus, the Plumpe Expert Declaration should be sealed in its entirety.

The redacted portions of Exhibit 1 to the Declaration of Morgan E. Smith contain proprietary confidential information relating to Le-Vel's finances, such as total amounts of sales and descriptions of sales growth for different periods of time.  Hoffman Decl., ¶ 13.  This information is highly useful in Le-Vel's line of business to project future sales, understand product success, and adapt marketing and advertising business plans.  *Id.*  Le-Vel takes steps to keep this information private and confidential and disclosure of this information would place Le-Vel at a competitive disadvantage and/or possibly cause other harm to Le-Vel.  *Id.*, ¶¶ 3-4, 13.  Le-Vel has narrowly tailored its redactions to only those portions containing Le-Vel's confidential information, so as to aid the public's ability to understand the substance of the issues or any decision issued by the Court.  *Id.*  Thus, the unredacted version of the Exhibit 1 to the Declaration of Morgan E. Smith should be sealed.

| | |
|---|---|
| 1 | |
| 2  DATED: March 22, 2021 | KENDALL BRILL & KELLY LLP |
| 3 | |
| 4 | By:    /s/ Alan Jay Weil |
|   |      Alan Jay Weil |
| 5 |      Attorneys for Specially Appearing |
|   |      Defendant Le-Vel Brands, LLC |

FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, LLP
Mark Sommers (*pro hac vice* forthcoming)
Morgan E. Smith (SBN 293503)
Patrick J. Rodgers (*pro hac vice* forthcoming)