KENDALL BRILL & KELLY LLP
Alan Jay Weil (63153)
 ajweil@kbkfirm.com
Shauna E. Woods (300339)
 swoods@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile:  310.556.2705

FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Mark Sommers (*pro hac vice* pending)
 mark.sommers@finnegan.com
Patrick Rodgers (*pro hac vice* forthcoming)
 patrick.rodgers@finnegan.com
901 New York Avenue, NW,
Washington, DC 20001-4413
Telephone:  (202) 408-4064
Facsimile:   (202) 408-4400
Morgan E. Smith (SBN 293503)
 morgan.smith@finnegan.com
3300 Hillview Avenue
Palo Alto, CA 94304
Telephone:  (650) 849-6600
Facsimile:   (650) 849-6666

Attorneys for Specially Appearing
Defendant Le-Vel Brands, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| THRIVE NATURAL CARE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LE-VEL BRANDS, LLC,<br><br>Defendant. | Case No. 2:21-CV-02022-DOC-KES<br><br>**LE-VEL'S RESPONSE IN SUPPORT OF PLAINTIFF'S APPLICATION TO FILE DOCUMENTS UNDER SEAL (DKT NO. 28)**<br><br>Judge:   Hon. David O. Carter<br>Crtrm.:   9D<br><br>Action Filed:   March 4, 2021<br>Trial Date:   TBD |

On March 29, Thrive Natural Care, Inc. filed an application to file certain of Le-Vel's confidential information under seal. *See* Dkt. No. 28 (Application to File Documents Under Seal); Dkt. No. 29 (Sealed Declaration in Support of Application). Pursuant to Civil Local Rule 79-5 and this Court's Standing Orders, Le-Vel hereby requests that the Court grant Plaintiff's application to file the following under seal to protect Le-Vel's confidential proprietary information:

- Exhibit 1 to the Declaration of Stephen McArthur in support of Plaintiff's Application for Leave to File Under Seal ("Exhibit 1"), which is an unredacted copy of Plaintiff's Reply In Support Of Motion For Preliminary Injunction ("Plaintiff's Reply")

In the event Plaintiff's application is denied, Le-Vel requests that the documents be returned to counsel.

This application is based on the Declaration of Drew S. Hoffman.

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Court weighs the competing interests of the public and the party requesting sealing, determines whether the party's request is based "on a compelling reason," and must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679, 681 n.6 (9th Cir. 2010). Generally, compelling reasons sufficient to "justify sealing court records exist when such 'court files might have become a vehicle for improper purposes.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citations omitted). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d

1214, 1221 (Fed. Cir. 2013) (applying Ninth Circuit law).  Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material).  Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code."  Cal. Code Civ. P. § 2019.210.  Section 3426.5 states that a court "shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action . . . ."  Cal. Civ. Code § 3426.5.

Le-Vel is a health and wellness lifestyle company that offers a wide array of goods, including vitamins (such as capsules, powders, and gels), vitamin skin patches, vitamins for the skin, snacks, and skincare products.  Decl. of Drew Hoffman ("Hoffman Decl."), ¶¶ 1-2.  Le-Vel's business is highly competitive in nature and Le-Vel has invested considerable time and resources over the years in developing and protecting proprietary information regarding its business model, including financial performance, product development, and product expansion. *Id.*, ¶ 3.  Le-Vel develops its marketing and advertising plans and revenue projections based on the information it has compiled, including projected sales and product releases. *Id*.  Public disclosure of this information would place Le-Vel at a competitive disadvantage and/or possibly cause other harm to Le-Vel. *Id.*, ¶¶ 3-4.  To maintain its competitive position and prevent competitors from improperly using Le-Vel confidential information, Le-Vel takes steps to prevent public disclosure of its confidential information. *Id.*, ¶ 4.  To that end, Le-Vel intends to enter into a protective order with the Plaintiff to keep such information confidential throughout this litigation. *Id.*, ¶ 4.

Here, good cause and compelling reasons exist to protect Le-Vel's confidential, proprietary information regarding its financial standing and marketing strategy.

The unredacted version of Exhibit 1 contains proprietary confidential

1  information relating to Le-Vel's finances, such as projected sales of future product
2  releases and expenditures on product due-diligence, and specifics on its future
3  product expansion plans.  Hoffman Decl., ¶ 6.  This information is useful in Le-
4  Vel's line of business to project future sales and revenue, understand product
5  positioning and growth, and adapt marketing and advertising business plans.  *Id*.
6  Disclosure of this information would place Le-Vel at a competitive disadvantage
7  and/or possibly cause other harm to Le-Vel.  *Id*.

        In review of Plaintiff's application to seal, Le-Vel notes that some of the redactions were proposed by Plaintiff's counsel were not required. Thus, Le-Vel submits the following documents: (i) an unredacted version of Exhibit 1 with proposed redactions highlighted and (ii) a redacted public version of Exhibit 1 with only Le-Vel's confidential proprietary information redacted. The requested redactions are narrowly tailored to only those portions containing Le-Vel's confidential information, so as to aid the public's ability to understand the substance of the issues or any decision issued by the Court.  Thus, the unredacted version of the Exhibit 1 with the changes noted above should be sealed.

DATED:  April 2, 2021

KENDALL BRILL & KELLY LLP

By:    /s/ Alan Jay Weil
     Alan Jay Weil
     Attorneys for Specially Appearing
     Defendant Le-Vel Brands, LLC

FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, LLP
Mark Sommers (*pro hac vice* pending)
Morgan E. Smith (SBN 293503)
Patrick J. Rodgers (*pro hac vice* forthcoming)

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603290822.1
3
Case No. 2:21-CV-02022-DOC-KES
LE-VEL'S RESPONSE IN SUPPORT OF PLAINTIFF'S APPLICATION TO FILE DOCUMENTS UNDER SEAL