KENDALL BRILL & KELLY LLP
Alan Jay Weil (63153)
 *ajweil@kbkfirm.com*
Shauna E. Woods (300339)
 *swoods@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone:  310.556.2700
Facsimile:  310.556.2705

FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Mark Sommers (*pro hac vice* pending)
 mark.sommers@finnegan.com
Patrick Rodgers (*pro hac vice* forthcoming)
 patrick.rodgers@finnegan.com
901 New York Avenue, NW,
Washington, DC 20001-4413
Telephone:   (202) 408-4064
Facsimile:   (202) 408-4400
Morgan E. Smith (SBN 293503)
 morgan.smith@finnegan.com
3300 Hillview Avenue
Palo Alto, CA 94304
Telephone:   (650) 849-6600
Facsimile:   (650) 849-6666

*Attorneys for Specially Appearing*
*Defendant Le-Vel Brands, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| THRIVE NATURAL CARE, INC.,<br><br>              Plaintiff,<br><br>       v.<br><br>LE-VEL BRANDS, LLC,<br><br>              Defendant. | Case No. 2:21-CV-02022-DOC-KES<br><br>**DEFENDANT LE-VEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404**<br><br>Judge:  Hon. David O. Carter<br>Hearing Date:  May 3, 2021<br>Time:  8:30 a.m.<br>Crtrm:  9D |

**REDACTED VERSION OF DOCUMENT**
**PROPOSED TO BE FILED UNDER SEAL**

**Kendall Brill**
**& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603290873

Case No. 2:21-CV-02022-DOC-KES

LE-VEL'S MEMORANDUM ISO MOTION TO TRANSFER

# TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT ........................................................................1

II.    STATEMENT OF FACTS ..............................................................................2

       A.     Defendant Le-Vel Does Not Reside in This District ..............................2

       B.     Le-Vel's Sales and Marketing Is Nationwide and Does Not Target This District...........................................................................................4

       C.     Plaintiff TNC Does Not Reside in This District ....................................6

III.   LEGAL STANDARD ....................................................................................6

IV.    ARGUMENT ...............................................................................................8

       A.     This Action Should Be Transferred to the Eastern District of Texas .......8

              1.     TNC's Claims Could Have Been Brought in the Eastern District of Texas ........................................................................8

              2.     All Relevant Factors Under 28 U.S.C. § 1404(a) Favor Transfer to the Eastern District of Texas...........................................9

       B.     Alternatively, the Court Should Transfer the Case to the Northern District of Texas............................................................................17

V.     CONCLUSION.............................................................................................18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aleisa v. Gojo Indus., Inc.*,
No. 2:20-CV-01045-AB-AGR, 2020 WL 6826475 (C.D. Cal. Oct. 19, 2020) ................................................................................................................ 7

*Am. Vehicular Scis. LLC v. Hyundai Motor Co.*,
No. SACV 15-01389-CJC(JCGx), 2016 WL 6306061 (C.D. Cal. Apr. 27, 2016) ........................................................................................... 14, 15

*Bridges v. Dealers' Choice Truckaway Sys., Inc.*,
No. 2:20-cv-01620-ODW, 2020 WL 4937505 (C.D. Cal. Aug. 24, 2020) ................................................................................................................ 7

*Callidus Software, Inc. v. Xactly Corp.*,
No. SA-CV12-01432 JAK, 2013 WL 12136523 (C.D. Cal. Mar. 11, 2013) ............................................................................................................... 14

*Cascades Projection LLC v. NEC Display Sols. of Am., Inc.*,
No. CV 15-00273 SJO (RZX), 2015 WL 12698454 (C.D. Cal. June 5, 2015) ................................................................................................................ 8

*Catch Curve, Inc. v. Venali, Inc.*,
No. CV 05-04820 DDP, 2006 WL 4568799 (C.D. Cal. Feb. 27, 2006) ........... 14

*Charter Realty Grp. v. James River Ins. Co.*,
No. CV 20-4139 PA (EX), 2020 WL 6385319 (C.D. Cal. July 6, 2020) ................................................................................................................ 7

*Four Jays Music Co. v. Apple, Inc.*,
No. CV 19-7952 FMO, 2020 WL 7862123 (C.D. Cal. Dec. 1, 2020) ................ 7

*J & J Acquisition Partners, Inc. v. Alvernaz Partners, LLC*,
No. CV 17-07011 SJO, 2018 WL 4959026 (C.D. Cal. Feb. 28, 2018) ............. 13

*Jerry Davidson v. United Auto Credit Corp.*,
No. 8:20-cv-00636-MCS-KES, 2020 WL 8968956 (C.D. Cal. Oct. 23, 2020) ............................................................................................................. 7, 16

*Jones v. GNC Franchising, Inc.*,
211 F.3d 495 (9th Cir.), cert. denied, 531 U.S. 928 (2000) ................................ 7

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

*Joong-Ang Daily News California, Inc. v. Cho*,
    No. CV 18-9634-MWF, 2019 WL 994018 (C.D. Cal. Jan. 28, 2019) ................ 9

*Kannar v. Alticor, Inc.*,
    No. C-08-5505 MMC, 2009 WL 975426 (N.D. Cal. Apr. 9, 2009) ................... 9

*Kiewit Infrastructure W. Co. v. Samson Rope Techs., Inc.*,
    No. SA-CV-19-02501-DOC-ADS, 2020 WL 5092914 (C.D. Cal.
    2020) ................................................................................................................ 6, 7

*Knoll, Inc. v. Modway, Inc.*,
    No. 5:19-cv-2238-DDP, 2020 WL 6784346 (C.D. Cal. Nov. 17, 2020) ........... 15

*Lather, Inc. v. Gilchrist & Soames, Inc.*,
    No. 2:19-cv-05868-ODW, 2020 WL 1140760 (C.D. Cal. Mar. 9,
    2020) ................................................................................................................ 9, 10

*Mitchell v. Deutsche Bank Nat'l Tr. Co.*,
    No. SACV 15-01307-CJC, 2015 WL 12867746 (C.D. Cal. Oct. 29,
    2015) .............................................................................................................. 14, 17

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2015) ........................................................................... 9

*PRG-Schultz USA, Inc. v.Gottschalks, Inc.*,
    No. C 05-2811 MMC, 2005 WL 2649206 (N.D. Cal. Oct. 17, 2005) .............. 14

*Skee Ball, Inc. v. Full Circle United*,
    No. C-11-04930 EDL, 2011 WL 6749013 (N.D. Cal. Dec. 22, 2011) ............... 6

*Smithson v. Jackson Nat'l Life Ins. Co.*,
    No. CV 17-7485 FMO, 2018 WL 5099510 (C.D. Cal. May 29, 2018) ............. 17

*Stewart Org. v. Ricoh Corp.*,
    487 U.S. 22 (1988) ............................................................................................. 6

*Travelers Prop. Cas. Co. v. Bobrick Washroom Equip., Inc.*,
    No. CV 17-7823 PA, 2018 WL 3004277 (C.D. Cal. Jan. 11, 2018) ................. 11

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964), *superseded by statute on other grounds* ........................... 6

*Vu v. Ortho-McNeil Pharm., Inc.*,
    602 F. Supp. 2d 1151 (N.D. Cal. 2009) ....................................................... 14, 17

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603290873
iii
Case No. 2:21-CV-02022-DOC-KES
LE-VEL'S MEMORANDUM ISO MOTION TO TRANSFER

*Yeti Data, Inc. v. Snowflake, Inc.*,
   No. CV 20-6595 PA, 2020 WL 8174630 (C.D. Cal. Nov. 9, 2020) ...........*passim*

**Statutes**

28 U.S.C. § 1338 ................................................................................................. 8

28 U.S.C. § 1404(a) ..................................................................................... 6, 8, 9

**Other Authorities**

Texas. *U.S. Courts: Current Judicial Vacancies*,
   https://www.uscourts.gov/judges-judgeships/judicial-
   vacancies/current-judicial-vacancies (Mar. 29, 2021) ........................... 12

*U.S. Courts: District Profiles* 35 (2020),
   https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distp
   rofile0930.2020.pdf ................................................................................. 12

U.S. Census Bureau, Population Div., CO-EST2019-ANNRES-06,
   Annual Estimates of the Resident Population for Counties in
   California: April 1, 2010 to July 1, 2019 (2020) ................................... 12

U.S. Census Bureau, Population Div., CO-EST2019-alldata, Population,
   Population Change, and Estimated Components of Population
   Change: April 1, 2010 to July 1, 2019 (2020) ....................................... 12

U.S. Census Bureau, Population Div., CO-EST2019-ANNRES-48,
   Annual Estimates of the Resident Population for Counties in Texas:
   April 1, 2010 to July 1, 2019 (2020) ..................................................... 12

**Kendall Brill
& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

## I.     PRELIMINARY STATEMENT

Plaintiff Thrive Natural Care, Inc. ("TNC") alleges trademark infringement against Le-Vel Brands, LLC's ("Le-Vel") THRIVE SKIN skincare products. However, Le-Vel owns prior common law rights in the THRIVE trademark, with its first use for vitamins and related products occurring on August 24, 2012, which preceded TNC's September 5, 2013 first alleged use, its September 11, 2012 trademark application filing date, and its January 14, 2014 registration date. Le-Vel's natural expansion of the THRIVE mark from vitamins and vitamin skin patches to skincare products begins prior to Le-Vel's own first use, as one of Le-Vel's founders started such company after running two former, unrelated vitamin/supplement companies that naturally expanded into skincare products.

TNC's decision to file suit in this District is unfounded. The Central District of California is an inconvenient forum. No party resides here. No meaningful connection to the parties or to the operative facts of this case occurred here. Le-Vel has no employees, offices, warehouses, servers, or documents located here.

This case belongs in the Eastern District of Texas—a much more convenient forum for a myriad of reasons. Le-Vel resides in the Eastern District of Texas. Many of the operative facts in this dispute, including information regarding Le-Vel's priority of rights, first use, and natural expansion occurred in the Eastern District of Texas and the Northern District of Texas, where key Le-Vel executives and personnel still reside. Decisions relevant to the priority inquiry, both during Le-Vel's initial launch and its natural expansion to skincare products occurred in Texas.

Finally, Plaintiff's choice of forum should be given minimal weight because it provides no convenience to any *party*.  Much to the contrary, it is only convenient for Plaintiff's litigation counsel, who has an ongoing case in this same court against a Defendant (Thrive Causemetics)—a company that *resides in Los Angeles*.  So too should be the case for Le-Vel, as it should have been sued in Texas, where it resides.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

As such, Le-Vel respectfully requests this action be transferred to the Eastern
District of Texas or, alternatively, to the Northern District of Texas.

## II.    STATEMENT OF FACTS

On March 4, 2021, TNC filed a complaint asserting federal trademark
infringement and unfair competition, common law trademark infringement and unfair
competition, and statutory unfair competition claims against Le-Vel.[1] TNC's generally
avers that Le-Vel's use of its THRIVE SKIN mark in connection with Le-Vel's
skincare products is likely to cause confusion and deception with TNC's skincare
products that bear the THRIVE mark. On March 5, 2021, TNC filed a motion for
preliminary injunction seeking to enjoin Le-Vel's use of THRIVE SKIN for its
skincare products.

### A.    Defendant Le-Vel Does Not Reside in This District

Le-Vel is a Texas limited liability corporation with a principal place of business
in Frisco, Texas. (Declaration of Drew S. Hoffman, executed April 2, 2021 ("Hoffman
Decl.") at ¶ 2.) Le-Vel is a health and wellness lifestyle company that offers a wide
array of goods nationwide, including vitamins, vitamin skin patches, vitamins for skin,
snacks, and skincare products under the trademark THRIVE. (*Id.* at ¶ 3.) Le-Vel has
no employees, offices, warehouses, or servers located in the Central District of
California. (*Id.* at ¶ 2.) THRIVE SKIN skincare products were not designed or
formulated in California, nor are they manufactured in or distributed from California.
(*Id.* at ¶ 4.)

Le-Vel's Frisco headquarters are in the Eastern District of Texas. (*Id.* at ¶ 2.)
The highest concentration of Le-Vel employees is located in the Eastern District of
Texas. (*Id.* at ¶ 8.) Specifically, the sixteen employees located in the Eastern District
of Texas comprise 24% of the company, including several key executives and
employees that work in the finance, compliance, supply chain and distribution,

---

[1] The common law and statutory claims arise out of the same case or
controversy as the federal claims.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

operations, customer support/loss prevention, and information technology

departments. (*Id.*) The Northern District of Texas has the second highest

concentration, consisting of eight employees. (*Id.*)

Many of Le-Vel's employees knowledgeable about Le-Vel's THRIVE SKIN

skincare products are based in the Eastern District of Texas and in the Northern

District of Texas. (*Id.* at ¶ 9.) For example, Le-Vel's chief financial officer is

knowledgeable about the sales of Le-Vel's THRIVE SKIN skincare products. (*Id.*)

Additionally, Le-Vel's in-house counsel is also based in the Eastern District of Texas.

(*Id.*)

During Le-Vel's initial growth, all executive employees and operations were

based out of Dallas and Irving, Texas, which is approximately 30 miles from Le-Vel's

current headquarters.  (*Id.* at ¶ 10.) This also included several people who were

involved in the development, selection, adoption, and first use of the THRIVE

trademark. (*Id.*)  Le-Vel's founders were primarily responsible for the development,

selection, adoption and initial use of Le-Vel's THRIVE mark and product expansion

plans, and made decisions regarding these issues in Dallas and Irving, Texas, which is

30 miles from Le-Vel's current headquarters. (*Id.*) One founder is located in

Nashville, Tennessee, while the other founder divides his time between Colorado and

Arizona.[2] (*Id.*)

Other important executives are located closer to Eastern District of Texas than

the Central District of California. Le-Vel's president and chief legal officer, resides in

Florida and currently oversees general operations, including intellectual property

issues.[3] (*Id.* at ¶ 11.)  Le-Vel's executive director of digital marketing, who is

knowledgeable about Le-Vel's marketing and advertising operations, also resides in

---

[2] Tennessee is closer to the Eastern District of Texas and Colorado is
equidistant from the Eastern District of Texas. (Declaration of Shauna S. Woods,
executed April 2, 2021 ("Woods Decl.") at ¶¶ 4-7, Exhibits 3-6.)

[3] The Eastern District of Texas is approximately 1,100 miles from Florida,
while the Central District of California is approximately 2,600 miles from Florida.
(Woods Decl. at ¶¶ 2-3, Exhibits 1-2.)

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

Florida. (*Id.*)  Le-Vel's director of finance is located in Dallas, Texas. (*Id.*) The director and team responsible for graphic design and branding are located in Michigan.[4] (*Id.*)

### B. Le-Vel's Sales and Marketing Is Nationwide and Does Not Target This District

Le-Vel sells its products nationwide without specifically targeting consumers in any particular state or locality. (Hoffman Decl., at ¶ 13.) Le-Vel sells and distributes its products through a website accessible to consumers nationwide. (*Id.*) The website does not target consumers in this District but merely provides access to Le-Vel's products and company—and does so for any individual located anywhere in the United States or otherwise. (*Id.*) Le-Vel's sales in the Central District of California only amount to ▮▮▮ of its total sales of skincare products, which is substantially less than the overall population in this District, which constitutes 6.1% of the U.S. population.[5] (*Id.*) In contrast, Texas ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.*)

Regarding marketing, Le-Vel nationwide advertising campaigns do not target consumers in specific states. (*Id.*, at ¶ 14.) In fact, Le-Vel does not track its marketing and advertising expenditures on a state-by-state basis. (*Id.*) While Le-Vel explores various country-wide marketing channels to promote its products, none of them are aimed at consumers in specific states or localities. (*Id.*) Le-Vel has strong national social media presence, which is targeted at U.S. customers in general. (*Id.*) While Le-Vel has contracted with celebrities, it has not done so for the purpose of targeting or attracting the residents of this District or California as a whole. (*Id.*) Le-Vel has hosted twenty-nine national events—five in Texas and two in California, but none in this District. (*Id.*)

---

[4] The Eastern District of Texas is approximately 1,200 miles from Michigan, while the Central District of California is approximately 2,300 miles from Michigan. (Woods Decl. at ¶¶ 8-9, Exhibits 7-8.)
[5] *See* Ex. XX (U.S. Census data for counties in the Central District of California).

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1   On its website, Le-Vel offers a program for individuals and other businesses to

2   become Independent Brand Promoters ("third-party promoters") to share their

3   experience with Le-Vel's THRIVE products and promote them in exchange for

4   commission based on the purchases referred customers directly make with Le-Vel.

5   (*Id.* at ¶ 15.) Le-Vel does not target or direct any activities at increasing the numbers

6   of third-party promoters in any location, including California or elsewhere. (*Id.*) When

7   registering to become a third-party promoter, people must enter into Le-Vel's

8   Independent Brand Promoter contract, which expressly provides that "[a]ll Promoters

9   are *independent contractors* engaged in their own separate business pursuits." (*Id.* at

10  ¶ 16, Ex. 1 at 3)(emphasis added).

11  Once registered, third-party promoters can determine how they want to promote

12  Le-Vel products with no specific "how-to-promote" business outlines from Le-Vel.

13  (*Id.* at ¶ 17) Le-Vel does not supervise or oversee the third-party promoters on a day-

14  to-day basis. (*Id.*) Third-party promoters have no geographical restrictions and can

15  promote Le-Vel's products nationally or globally. (*Id.*)

16  As of March 14, Le-Vel had about ▮▮▮▮ third-party promoters in the United

17  States and ▮▮▮ of those third-party promoters resided in this District, which is

18  disproportionately low considering this District's population represents 6.1% of the

19  U.S. population.[6]  (*Id.*)  As of today, both the Eastern District and Northern District of

20  Texas have percentages of promoters that far exceed their respective proportionate

21  U.S. populations, making those districts proportionally much higher than in this

22  District.[7]  (*Id.*) The Northern District of Texas contains the most third-party

23  promoters. None of the ▮▮▮▮▮▮▮▮▮▮▮ third-party promoters are located in

24  this District, while ▮▮▮▮ located in the Eastern District of Texas and ▮▮▮▮▮▮

25

26  [6] *See* (Woods Decl. at ¶¶ 11, 13, Ex____s 10 and 12.)

27  [7] The Eastern D____ct of Texas has ▮▮▮ of total promoters, and the Norther
    District of Texas has ▮▮▮ of total promot__ Hoffman Decl. at ¶ 18) However, the
    Eastern District of Te___ as  only 1.3% of the total U.S. population, while the

28  Northern District of Texas has 2.3% of the total U.S. population. (Woods Decl. at ¶¶
    12-13, Exhibits 11-12.)

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1   located in the Northern District of Texas. ███████████████████████

2   ████████████████████ (*Id.*)

### C.    Plaintiff TNC Does Not Reside in This District

4   TNC is a Delaware Corporation with a principal place of business in San

5   Francisco, California. (Compl. at ¶ 12). San Francisco, California is in the Northern

6   District of California. TNC does not appear to have any offices or locations in this

7   District. TNC does not appear to have any ties to this District, other than its Los

8   Angeles-based outside litigation counsel. (Compl. at Cover Page.) On information and

9   belief, TNC appears to have at least one employee in the Eastern District of Texas—

10  its President of Sales who likely is familiar with TNC's sales and alleged harm and

11  damages. (Woods Decl. at ¶ 10, Exhibit 9 (LinkedIn page showing that TNC's

12  President of sales is located in Van Alstyne, Texas).)

## III.    LEGAL STANDARD

14  A district court "may transfer any civil action to any other district or division

15  where [the case] might have been brought," where it is convenient for the parties and

16  witnesses, and in the interests of justice. 28 U.S.C. § 1404(a). The purpose of Section

17  1404(a) is "to prevent the waste of time, energy, and money and to protect litigants,

18  witnesses and the public against unnecessary inconvenience and expense." *Van Dusen*

19  *v. Barrack*, 376 U.S. 612, 616 (1964), *superseded by statute on other grounds*

20  (internal quotations omitted). Courts have broad discretion to adjudicate a motion to

21  transfer under Section 1404(a), "according to an individualized, case-by-case

22  consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22,

23  29 (1988) (citing *Van Dusen*, 376 U.S. at 622).

24  When deciding whether to transfer a matter, a court must first determine

25  whether the action could have been brought in the transferee district. *Skee Ball, Inc. v.*

26  *Full Circle United*, No. C-11-04930 EDL, 2011 WL 6749013, at *5 (N.D. Cal. Dec.

27  22, 2011) (citations and quotations omitted). The court "must [then] weigh multiple

28  factors in its determination whether transfer is appropriate in a particular case." *Kiewit*

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603290873                                  6                    Case No. 2:21-CV-02022-DOC-KES

LE-VEL'S MEMORANDUM ISO MOTION TO TRANSFER

1   *Infrastructure W. Co. v. Samson Rope Techs., Inc.,* No. SA-CV-19-02501-DOC-ADS,

2   2020 WL 5092914, at *2 (C.D. Cal. 2020) (citing *Metz v. U.S. Life Ins. Co. in the City*

3   *of New York*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009)). The Ninth Circuit

4   describes several "convenience and fairness" factors that courts may consider:

5          "(1) the location where the relevant agreements were
        negotiated and executed (2) the state that is most familiar

6          with the governing law, (3) the plaintiff's choice of forum,
        (4) the respective parties' contacts with the forum, (5) the

7          contacts relating to the plaintiff's cause of action in the
        chosen forum, (6) the differences in the costs of litigation in

8          the two forums, (7) the availability of compulsory process to
        compel attendance of unwilling non-party witnesses, and (8)

9          the ease of access to sources of proof."

10  *Jones v. GNC Franchising, Inc*., 211 F.3d 495, 498-499 (9th Cir.), cert. denied, 531

11  U.S. 928 (2000).

12      This District has given weight to additional factors beyond those disclosed in

13  *Jones*, namely, "the convenience of the parties," "the feasibility of consolidation of

14  other claims," "any local interest in the controversy," and "the relative court

15  congestion in each forum." *See, e.g., Kiewit Infrastructure*, 2020 WL 5092914, at *3

16  (motion to transfer granted); *Charter Realty Grp. v. James River Ins. Co.*, No. CV 20-

17  4139 PA (EX), 2020 WL 6385319, at *4 (C.D. Cal. July 6, 2020) (granting motion to

18  transfer and noting that "the convenience of witnesses is often the most important

19  factor considered by the court when deciding a motion to transfer for convenience.");

20  *Yeti Data, Inc. v. Snowflake, Inc.,* No. CV 20-6595 PA (AFMX), 2020 WL 8174630

21  (C.D. Cal. Nov. 9, 2020) (motion to transfer granted); *Jerry Davidson v. United Auto*

22  *Credit Corp.*, No. 8:20-cv-00636-MCS-KES, 2020 WL 8968956 (C.D. Cal. Oct. 23,

23  2020) (same); *Aleisa v. Gojo Indus., Inc*., No. 2:20-CV-01045-AB-AGR, 2020 WL

24  6826475 (C.D. Cal. Oct. 19, 2020) (same); *Bridges v. Dealers' Choice Truckaway*

25  *Sys., Inc.,* No. 2:20-cv-01620-ODW (SKx), 2020 WL 4937505 (C.D. Cal. Aug. 24,

26  2020) (same); *Four Jays Music Co. v. Apple, Inc.,* No. CV 19-7952 FMO (MAAx),

27  2020 WL 7862123 (C.D. Cal. Dec. 1, 2020) (same).

28

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603290873

7

Case No. 2:21-CV-02022-DOC-KES

## IV.   ARGUMENT

### A.   This Action Should Be Transferred to the Eastern District of Texas

TNC could have and should have brought this action in the Eastern District of Texas. Instead, TNC filed suit in this District where neither party resides. This District also lacks any significant contact with the activities alleged in the Complaint. TNC's forum shopping does not outweigh the private and public interests that courts consider under Section 1404(a), almost all favoring transfer of this case to the Eastern District of Texas.

#### 1.   TNC's Claims Could Have Been Brought in the Eastern District of Texas

The threshold question under Section 1404(a) is whether this case could have originally been brought in the Eastern District of Texas. A Defendant "must show that at the time the lawsuit was filed (1) the proposed transferee court possessed subject matter jurisdiction over the action; (2) venue would have been proper in the transferee court; and (3) Defendant would have been subject to personal jurisdiction in the transferee court." *Cascades Projection LLC v. NEC Display Sols. of Am., Inc.*, No. CV 15-00273 SJO (RZX), 2015 WL 12698454, at *2 (C.D. Cal. June 5, 2015) (citing *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960)).

The Eastern District of Texas has subject matter jurisdiction over Plaintiff's federal trademark infringement and unfair competition claims. 28 U.S.C. § 1338. Venue and personal jurisdiction over Le-Vel would also have been proper in the Eastern District of Texas, as this is where Le-Vel's principal place of business is located and several, key Le-Vel employees reside, who are knowledgeable on issues germane to this case. Furthermore, the events surrounding Le-Vel's development, selection, adoption, first use, and natural expansion of the THRIVE mark occurred in the Eastern District of Texas and in the Northern District of Texas, which will be critical parts of this case. *Cascades Projection LLC,* 2015 WL 12698454, at *2 (C.D. Cal. June 5, 2015).

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

Pendent jurisdiction over TNC's state law claims would also have been appropriate in the Eastern District of Texas because jurisdiction exists when federal claims and state law claims share a "common nucleus of operative facts." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015); *see Lather, Inc. v. Gilchrist & Soames, Inc.*, No. 2:19-cv-05868-ODW (SSx), 2020 WL 1140760, at *2 (C.D. Cal. Mar. 9, 2020) ("Lather's trademark infringement claims arise under federal law, and the remaining claims are a part of the same case or controversy."); *Joong-Ang Daily News California, Inc. v. Cho*, No. CV 18-9634-MWF (SSx), 2019 WL 994018, at *5 (C.D. Cal. Jan. 28, 2019) ("Moreover, 'federal courts are accustomed in diversity actions to applying laws foreign to the law of their particular State'. . . The Court has no reason to question the ability of the Eastern District of Virginia to correctly apply the law of California.") (citing *Ganezer v. DirectBuy, Inc.*, No. 08-cv-8666-GAF (RCx), 2012 WL 12867971, at *5 (C.D. Cal. Jan. 30, 2012)).

In this case, TNC's California state law claims center around the same allegations as its federal trademark claims, namely that Le-Vel's alleged "unauthorized adoption and use in U.S. commerce of marks" are "confusingly [similar] to [TNC's] THRIVE Marks" and "cause[] a likelihood of confusion." Compl. at ¶ 84. Thus, there is no dispute that TNC could have brought this lawsuit in the Eastern District of Texas pursuant to Section 1404(a).

### 2. All Relevant Factors Under 28 U.S.C. § 1404(a) Favor Transfer to the Eastern District of Texas

On balance, the factors support a finding that the convenience of the parties and the interests of justice weigh heavily in favor of a transfer.

### a. Many of the Anticipated Witnesses are in the Eastern District of Texas

Most of the relevant witnesses and evidence are located in or near the Eastern District of Texas. *See Kannar v. Alticor, Inc.*, No. C-08-5505 MMC, 2009 WL 975426, at *2 (N.D. Cal. Apr. 9, 2009) ("The convenience of witnesses 'is often the most important factor considered by the court when deciding a motion to transfer for

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603290873                                      9                  Case No. 2:21-CV-02022-DOC-KES
LE-VEL'S MEMORANDUM ISO MOTION TO TRANSFER

convenience.'") (citing *Steelcase, Inc. v. Haworth, Inc*., No. CV 96-1364 JGD
(AJWx), 1996 WL 806026, at *3 (C.D. Cal. May 15, 1996)); *Lather, Inc.,*. 2020 WL
1140760, at *3 ("In determining whether this factor favors transfer, the Court must
consider the location and number of witnesses each side has and the relative
importance of those witnesses.").

Le-Vel's principal place of business is in Frisco, Texas. (Hoffman Decl., at ¶ 2.)
Most of Le-Vel's employees reside in the Eastern District of Texas, which includes
several, key executives and employees in various departments such as accounting,
finance, events, compliance, supply-chain distribution, and operations. (*Id.*, at ¶¶ 8-
11.) The employees in these departments have relevant information that are central to
the issues in this case including information on sales, compliance with marketing
claims, Le-Vel's THRIVE events, and supply chain and distribution of Le-Vel's
THRIVE products. (*Id.*) Le-Vel's in-house counsel is located in the Eastern District of
Texas (*Id.*, at ¶ 9.).  *See Lather, Inc.,* 2020 WL 1140760, at *3 (finding that transfer is
favored where California presented an inconvenience to defendant's key witnesses
that "will testify regarding the central issues in the case, namely, the selection,
development, adoption, and use of the allegedly infringing term 'lather.'").  Le-Vel's
Chief Financial Officer, who is knowledgeable of THRIVE SKIN skincare sales, is
located in Carrollton, Texas (Hoffman Decl., at ¶ 9.). *See Yeti Data, Inc.* 2020 WL
8174630, at *4 (finding witnesses knowledgeable about "the nature of Defendant's
services sold under the mark" were relevant to the inquiry).

Other important witnesses are located much closer to the Eastern District of
Texas than this District. (Hoffman Decl., at ¶ 11.) For example, Le-Vel's director of
finance is located in Dallas, Texas, which is less than thirty miles away from the
Eastern District of Texas. (*Id.*) Le-Vel's president and chief legal officer, resides in
Florida and currently oversees general operations, legal matters, and compliance
issues. (*Id.*) Le-Vel's executive director of digital marketing, who is knowledgeable

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603290873

10

Case No. 2:21-CV-02022-DOC-KES

LE-VEL'S MEMORANDUM ISO MOTION TO TRANSFER

1    about Le-Vel's marketing and advertising operations, is also based in Florida. (*Id*.)

2    And Michigan is the location of the graphic design and branding team. (*Id*.)

3          Further, Le-Vel's founders, who were primarily responsible for the

4    development, selection, adoption and initial use of Le-Vel's THRIVE mark and

5    product expansion plans, made these decisions in Dallas and Irving, Texas, both of

6    which are about thirty miles away from Le-Vel's principal place of business in the

7    Eastern District of Texas. (Hoffman Decl., at ¶ 10.) One founder is currently located

8    in Nashville, Tennessee and the other founder divides his time between Colorado and

9    Arizona. (*Id*.)

10         To the extent TNC contends that Le-Vel's independent, third-party promoters

11   have relevant information to its claims, none of ████████████████████

12   ████████████ are located in this District. (Hoffman Decl., at ¶ 17.) ████████████

13   ████████ located in the Eastern District of Texas, ████████████ located nearby in

14   the Northern District of Texas, ████████████████████████████████████

15   ████████████████        (*Id*.)

16         TNC also does not reside in or have any offices in this District, and based on

17   information and belief, none of its employees appear to be located here either. (Woods

18   Decl. at ¶ 10, Exhibit 9.) TNC appears to have at least one employee (the President of

19   Sales) in the Eastern District of Texas according to LinkedIn. (*Id*.)

20         That TNC's outside litigation counsel is located in the Central District of

21   California is immaterial to a determination of the convenience and justice of a

22   particular forum. *Yeti Data, Inc.*, 2020 WL 8174630, at *3 ("That fact that Plaintiff

23   has retained counsel in this District deserves no deference."); *Travelers Prop. Cas.*

24   *Co. v. Bobrick Washroom Equip., Inc.*, No. CV 17-7823 PA (ASx), 2018 WL

25   3004277, at *3 (C.D. Cal. Jan. 11, 2018) ("[T]he convenience of the attorneys that

26   Travelers has retained to pursue this action is of little consequence. To conclude

27   otherwise would allow a party to manufacture convenience merely by selecting

28   counsel in a preferred venue."). This factor weighs in favor of transfer.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603290873                                11                    Case No. 2:21-CV-02022-DOC-KES
                    LE-VEL'S MEMORANDUM ISO MOTION TO TRANSFER

### b. The Center of Gravity of This Dispute Is in the Eastern District of Texas and Nearby in the Northern District of Texas

The Court should transfer this case to the Eastern District of Texas because that is where many of the operative facts of this case arose.

In a trademark infringement dispute, courts have consistently held that "the operative facts involve a defendant's "selection, investment, and use of its trademark." *Yeti Data, Inc*., 2020 WL 8174630, at *3 (transferring the trademark dispute to the Northern District of California after finding it was the more convenient forum)*. In this case, the center of the dispute will focus on the parties' respective priority of rights in the trademark THRIVE and Le-Vel's various natural product expansions. Because TNC challenges Le-Vel's use of the THRIVE SKIN mark for skincare products and claims TNC has priority of rights to the THRIVE mark for skincare products, a considerable portion of this dispute will focus on the facts surrounding Le-Vel's first use and natural expansion of its THRIVE mark from vitamins to skin vitamin patches to skin vitamins to skincare products.

Before TNC was formed, Le-Vel selected and invested in its THRIVE mark in mid-2012 in Dallas and Irving, Texas—places that are but thirty miles from its Frisco, Texas headquarters. (Hoffman Decl., at ¶ 10.) That was where Le-Vel's employees, including its founders, made key decisions about its brand and trademark, marketing campaign, and the design of its product offerings. (*Id.*) As Le-Vel's THRIVE brand grew, Le-Vel's THRIVE product offerings naturally expanded from vitamins to skin vitamin patches to skin vitamins to skincare products, especially since Le-Vel at its very outset was focused on "skin" and "nutrition." (*Id.*) Thus, the center of gravity of this dispute is heavily connected and concentrated within the Eastern District of Texas and the Northern District of Texas.

This District, however, has no such connection to the operative facts. First, TNC has not alleged or suggested that its first use of the THRIVE mark arose out of events occurring in the Central District of California. Second, contrary to TNC's

Kendall Brill & Kelly LLP

10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

allegations, simply because Le-Vel has made sales to customers in this District through Le-Vel's interactive website does not mean that Le-Vel has substantial contacts with this District. Courts have consistently found that a defendant does not have substantial contacts within a district merely because it operates an interactive website reaching consumers within that district and regularly interacts with such consumers through social media activities and advertising. *Yeti Data, Inc.*, 2020 WL 8174630, at *3 (emphasizing that "whether defendants' website is accessible to those who reside in this District is not sufficient to establish that venue is proper.'") (quoting *Disney Enterprises, Inc. v. Fun Vacation Network, LLC*, No. LA CV15-08062 JAK (PJWx), 2016 WL 7444860, at *9 (C.D. Cal. May 16, 2016)); *J & J Acquisition Partners, Inc. v. Alvernaz Partners, LLC*, No. CV 17-07011 SJO (PLAx), 2018 WL 4959026, at *3 (C.D. Cal. Feb. 28, 2018) ("To accept plaintiff's contention would be to adopt a rule that would subject any corporation with a website to venue in the district.") (citation omitted). Similarly, Le-Vel's sales through its website are only an attenuated connection to this District and does not establish sufficient contacts. Thus, this factor weighs strongly in favor of transfer.

     **c.**  **The Eastern District of Texas has a Strong Local Interest in Defending Residents from Defamatory Allegations**

   The local interest of the Eastern District of Texas in this case is strong. TNC accuses Le-Vel of unfair competition, as well as fraudulent business acts. Compl. at ¶¶ 63, 77, 83. While these claims are unfounded, they clearly implicate Le-Vel's reputation. Le-Vel employees knowledgeable about Le-Vel's THRIVE SKIN skincare marketing and promotional activities and Le-Vel's President, who is knowledgeable about THRIVE SKIN skincare compliance, are either based in the Eastern District of Texas or in a state much closer to Texas than California. (Hoffman Decl., at ¶¶ 8-11.) Because TNC's allegations call into question the work and reputation of Le-Vel and several Le-Vel employees residing in or near the Eastern District of Texas and who conduct business in such communities, the Eastern District of Texas has a strong local

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603290873

13

Case No. 2:21-CV-02022-DOC-KES
LE-VEL'S MEMORANDUM ISO MOTION TO TRANSFER

interest in this case, which weighs in favor of transfer. *See Callidus Software, Inc. v. Xactly Corp.*, No. SA-CV12-01432 JAK (FFMx), 2013 WL 12136523, at *3 (C.D. Cal. Mar. 11, 2013) (transferring the case because the Northern District of California has a strong local interest in the case since Plaintiff's allegations of patent infringement, defamation, and unlawful marketing claims "call[] into question the work and reputation of several individuals residing in or near the Eastern District of Texas and presumably conduct business in that community"). This factor also favors transfer.

          **d.**       **The Court Should Give Little Weight to Plaintiff's Choice of Forum**

"[A] plaintiff's choice of forum is given 'much less weight' when the plaintiff is not a resident of the chosen forum or the forum lacks any significant contact with the activities alleged in the complaint." *PRG-Schultz USA, Inc. v. Gottschalks, Inc.*, No. C 05-2811 MMC, 2005 WL 2649206, at *4 (N.D. Cal. Oct. 17, 2005); *see also Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009) ("Where a plaintiff does not reside in the forum, the Court may afford plaintiff's choice considerably less weight."). Any deference that may be given to the "plaintiff's choice of forum is diminished if … the forum is not the primary residence of either the plaintiff or defendant." *Catch Curve, Inc. v. Venali, Inc.,* No. CV 05-04820 DDP (AJWx), 2006 WL 4568799, at *2 (C.D. Cal. Feb. 27, 2006). "This is because concerns of forum-shopping are potentially present when a plaintiff pursues litigation outside his home district. Such concerns frequently merit transfer." *Mitchell v. Deutsche Bank Nat'l Tr. Co.*, No. SACV 15-01307-CJC (JCGx), 2015 WL 12867746, at *3 (C.D. Cal. Oct. 29, 2015); *see also Am. Vehicular Scis. LLC v. Hyundai Motor Co.,* No. SACV 15-01389-CJC(JCGx), 2016 WL 6306061 (C.D. Cal. Apr. 27, 2016).

The parties have no significant connections or contacts with this District. TNC is a Delaware company with its principal place of business in the Northern District of California. Le-Vel is a Texas limited liability company with its principal place of

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603290873

14

Case No. 2:21-CV-02022-DOC-KES

LE-VEL'S MEMORANDUM ISO MOTION TO TRANSFER

business located in the Eastern District of Texas. (Hoffman Decl., at ¶ 2.) As previously explained, both companies do not have any employees, office space, or documents in the Central District of California. (*Id.*)

Le-Vel operates a nationwide website through which it conducts sales. Le-Vel engages in sales nationwide, including in California, but such fact does not make the Central District of California a convenient forum, (Hoffman Decl., at ¶ 13). *See Knoll, Inc. v. Modway, Inc.,* No. 5:19-cv-2238-DDP (SPx), 2020 WL 6784346, at *4 (C.D. Cal. Nov. 17, 2020) (transferring the case to the District of New Jersey even though the parties "appear to market, sell, and distribute their respective products nationwide"). Indeed, California sales amount to only ▮▮▮ of Le-Vel's total sales, and sales in this District amount to only ▮▮ of its total sales, while sales ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Texas. (Hoffman Decl., at ¶ 13.)

Le-Vel advertises nationwide and does not specifically target its business in any manner to residents in this District. As previously explained, Le-Vel has contracted over ▮▮▮ independent, third-party promoters, and only ▮▮ of the promoters reside in this District. (Hoffman Decl., at ¶ 18.) To the extent these third-party promoters are deemed relevant, the Eastern District of Texas is still a more convenient forum because there are more third-party promoters per-capita in the Eastern District and Northern District of Texas than this District. Additionally, the Texas districts have ▮▮▮▮▮▮▮▮▮▮▮▮ promoters, while the Central District of California has ▮▮. (*Id.*)

Le-Vel has no other connection to the Central District of California. *See Am. Vehicular Scis.*, 2016 WL 6306061, at *9 (granting motion to transfer case to Eastern District of Michigan because the case had little to do with the Central District beyond the fact that a couple manufacturing customers had their headquarters there).

Further, the crux of this dispute will heavily depend on the parties' respective priority of rights in the THRIVE mark and Le-Vel's zone of various natural product expansions. The facts concerning Le-Vel's first use and natural product expansions all

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603290873                                          15                         Case No. 2:21-CV-02022-DOC-KES
LE-VEL'S MEMORANDUM ISO MOTION TO TRANSFER

took place in the Eastern District of Texas and the Northern District of Texas. (Hoffman Decl., at ¶ 10.)

Accordingly, TNC's selection of the Central District of California should be given only minimal consideration, neither party resides here and the parties lack any significant contact with the District.

### e. The Eastern District of Texas Is Not as Congested as This District

Congestion of the transferor court as compared to the transferee court also weighs in favor of transfer to the Eastern District of Texas. As this Court recently noted, "the Central District is one of the most congested districts in the country, and would be negatively impacted by exercising jurisdiction when a more appropriate forum is available." *Davidson,* 2020 WL 8968956, at *3. Indeed, the Central District of California received 17,977 filings in fiscal year 2019–more than four times the number of cases filed in the Eastern District of Texas, which received only 3,994 filings. (Woods Decl. at ¶ 14, Exhibit 13 at 34-35, 68.) This overbearing filing rate results in longer times to trial for the Central District of California than both the Eastern and Northern Districts of Texas based on pre-pandemic statistics. On average, cases in the Central District of California reach trial after 22.1 months, roughly five months longer than the Eastern District of Texas (16.8 months) and the Northern District of Texas (17.6 months). *Id.* Further, the Central District of California has six judicial vacancies compared to the zero vacancies in the Eastern District of Texas. (Woods Decl. at ¶ 15, Exhibit 14.) Beyond consuming precious court resources and further burdening already overburdened judges in the Central District, the high filing rates also encumber the residents of the district who are called upon to serve on juries and resolve claims having no relationship to their home. "Residents in this district have an interest in ensuring their overburdened courts are not victims of forum shopping"– an interest to which this court has previously given weight in approving transfer. *Davidson*, 2020 WL 8968956, at *3.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603290873

16

Case No. 2:21-CV-02022-DOC-KES
LE-VEL'S MEMORANDUM ISO MOTION TO TRANSFER

### f.    The Balance of Relevant Factors Strongly Favors Transfer

After considering all relevant factors, courts then weigh the results. *See, e.g., Smithson v. Jackson Nat'l Life Ins. Co.,* No. CV 17-7485 FMO (RAOx), 2018 WL 5099510, at *4 (C.D. Cal. May 29, 2018). In this case, most of the factors weigh in favor of transfer. The only factor arguably in favor of keeping the case in this District is plaintiff's choice of forum. But as noted above, the courts recognize that plaintiff's choice is given "considerably less weight" than the other factors when plaintiff does not reside in the district and plaintiff's choice reeks of forum-shopping. *Vu*, 602 F. Supp. 2d at 1156; *Mitchell*, 2015 WL 12867746, at *3. As such, this case should be transferred to the Eastern District of Texas based on the convenience factors and the interests of justice.

### B.    Alternatively, the Court Should Transfer the Case to the Northern District of Texas

Based on the convenience of the witnesses and the location of the operative facts, the Eastern District of Texas is the most convenient forum and the case should be transferred there.

Le-Vel acknowledges that the Northern District of Texas would also be a convenient forum. Many of Le-Vel's relevant witnesses are located in Dallas, Texas, and the Northern District of Texas is nearby for Le-Vel's witnesses located in the Eastern District of Texas. (Hoffman Decl., at ¶¶ 8-11.) In addition, many of the operative facts of this case also occurred in the Northern District of Texas. (*Id.*)

And to the extent the third-party promoters are relevant to the dispute, if at all, there are more third-party promoters located in the Northern District of Texas than the Central District of California. (Hoffman Decl., at ¶ 18.) Thus, the Northern District of Texas would also be a proper venue for transfer in the alternative.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

## V.     CONCLUSION

For the above reasons, Le-Vel respectfully requests that the Court transfer this case to the Eastern District of Texas or, in the alternative, to the Northern District of Texas.


DATED:  April 2, 2021                    KENDALL BRILL & KELLY LLP


                                         By:      /s/ Alan Jay Weil
                                                 Alan Jay Weil
                                                 Attorneys for Specially Appearing
                                                 Defendant Le-Vel Brands, LLC

                                          FINNEGAN, HENDERSON,
                                           FARABOW, GARRETT & DUNNER, LLP
                                         Mark Sommers (*pro hac vice* pending)
                                         Morgan E. Smith (SBN 293503)
                                         Patrick J. Rodgers (*pro hac vice* forthcoming)

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603290873                                18                    Case No. 2:21-CV-02022-DOC-KES
                        LE-VEL'S MEMORANDUM ISO MOTION TO TRANSFER