KENDALL BRILL & KELLY LLP
Alan Jay Weil (63153)
 ajweil@kbkfirm.com
Shauna E. Woods (300339)
 swoods@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile:  310.556.2705

FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Mark Sommers (*pro hac vice* pending)
 mark.sommers@finnegan.com
Patrick Rodgers (*pro hac vice* forthcoming)
 patrick.rodgers@finnegan.com
901 New York Avenue, NW,
Washington, DC 20001-4413
Telephone:  (202) 408-4064
Facsimile:   (202) 408-4400
Morgan E. Smith (SBN 293503)
 morgan.smith@finnegan.com
3300 Hillview Avenue
Palo Alto, CA 94304
Telephone:  (650) 849-6600
Facsimile:   (650) 849-6666

Attorneys for Specially Appearing
Defendant Le-Vel Brands, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| THRIVE NATURAL CARE, INC., <br><br>Plaintiff, <br><br>v. <br><br>LE-VEL BRANDS, LLC, <br><br>Defendant. | Case No. 2:21-CV-02022-DOC-KES <br><br>**APPLICATION TO FILE DOCUMENTS IN CONNECTION WITH LE-VEL'S MOTION TO TRANSFER VENUE UNDER SEAL PURSUANT TO L.R. 79-5 AND THIS COURT'S STANDING ORDERS** <br><br>Judge: Hon. David O. Carter <br>Crtrm.: 9D <br><br>Action Filed: March 4, 2021 <br>Trial Date: TBD |

Pursuant to Civil Local Rule 79-5 and this Court's Standing Orders, Le-Vel hereby requests the Court's permission to file the following under seal to protect Le-Vel's confidential proprietary information:

- Defendant Le-Vel's Memorandum of Points and Authorities in support of Motion to Transfer Venue ("Transfer Memorandum").
- Declaration of Drew S. Hoffman in support of Motion to Transfer Venue ("Hoffman Declaration").

This application is based on the Declarations of Drew S. Hoffman and Shauna E. Woods. Plaintiff's counsel did not respond to Le-Vel's correspondence asking whether Plaintiff would oppose this application. Decl. of Shauna E. Woods ("Woods Decl."), ¶ 2. In the event this application is denied, Le-Vel requests that the documents be returned to counsel.

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Court weighs the competing interests of the public and the party requesting sealing, determines whether the party's request is based "on a compelling reason," and must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679, 681 n.6 (9th Cir. 2010). Generally, compelling reasons sufficient to "justify sealing court records exist when such 'court files might have become a vehicle for improper purposes.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citations omitted). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id*. at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) (applying Ninth Circuit law). Information should be

sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210. Section 3426.5 states that a court "shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action . . . ." Cal. Civ. Code § 3426.5.

Here, compelling reasons exist to protect Le-Vel's confidential, proprietary information regarding its financial standing, sales, and customer information. Moreover, attached hereto are (i) unredacted versions of the documents Le-Vel seeks to file under seal with proposed redactions highlighted and (ii) redacted public versions of the documents Le-Vel seeks to file under seal with only Le-Vel's confidential proprietary information redacted in order to aid the public's ability to understand the substance of the issues or any decision issued by the Court:

- A redacted public version of the Transfer Memorandum is attached.
- A redacted public version of the Hoffman Declaration is attached.

Le-Vel is a health and wellness lifestyle company that offers a wide array of goods nationwide, including vitamins for skin, snacks, and skincare products. Decl. of Drew Hoffman In Support of Application to File Documents Under Seal ("Hoffman Decl.") at ¶ 2. Le-Vel's business is highly competitive in nature and Le-Vel has invested considerable time and resources over the years in developing and protecting proprietary information regarding its business model, including sales and marketing strategies. *Id.* at ¶ 3. Le-Vel develops its marketing and advertising plans, product positioning, pricing, and sales projections based on the information it has compiled about its consumer base, such as total sales and relative strength of sales in various localities. *Id*. Public disclosure of this information would place Le-Vel at a competitive disadvantage and/or possibly cause other harm to Le-Vel. *See*, *id.*

/ / /

1  In order to maintain its competitive position and prevent competitors from
2  improperly using Le-Vel confidential information, Le-Vel takes steps to prevent
3  public disclosure of its confidential information. *Id.* at ¶ 4. To that end, Le-Vel
4  intends to enter into a protective order with the Plaintiff so as to keep such
5  information confidential throughout this litigation.

6  The redacted portions of the Transfer Memorandum contain proprietary
7  confidential information relating to Le-Vel's financial information, such as amounts
8  of total sales and relative sales in various localities, and statistics of third-party
9  promoters, including total promoters and overall performance of promoters in
10 various localities. *Id.* at ¶ 6. This information is highly useful in Le-Vel's line of
11 business to project future sales, understand product success, and adapt marketing
12 and advertising business plans. *Id*. Le-Vel takes steps to keep this information
13 private and confidential and disclosure of this information would place Le-Vel at a
14 competitive disadvantage and/or possibly cause other harm to Le-Vel. *Id*. Le-Vel
15 has narrowly tailored its redactions to the Transfer Memorandum to only those
16 portions containing Le-Vel's confidential information, so as to aid the public's
17 ability to understand the substance of the issues or any decision issued by the Court.
18 *Id*. Thus, the unredacted version of the Transfer Memorandum should be sealed.

19 The redacted portions of the Hoffman Declaration contain proprietary
20 confidential information relating to Le-Vel's finances, such amounts of sales and
21 statistics of third-party promoters. *Id.* at ¶ 7. This information is highly useful in Le-
22 Vel's line of business to project future sales, understand product success and
23 consumers, and adapt marketing and advertising business plans. *Id*. Le-Vel takes
24 steps to keep this information private and confidential and disclosure of this
25 information would place Le-Vel at a competitive disadvantage and/or possibly cause
26 other harm to Le-Vel. *Id*. Le-Vel has narrowly tailored its redactions to the Hoffman
27 Declaration to only those portions containing Le-Vel's confidential information, so
28 as to aid the public's ability to understand the substance of the issues or any decision

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603290852                                3                    Case No. 2:21-CV-02022-DOC-KES
APPLICATION TO FILE DOCUMENTS UNDER SEAL

1  issued by the Court. *Id.* Thus, the unredacted version of the Hoffman Declaration
2  should be sealed.
3        Accordingly, Le-Vel requests this Court seal both the unredacted version of
4  the Hoffman Declaration and the Transfer Memorandum.

6  DATED: April 2, 2021            KENDALL BRILL & KELLY LLP

By:     /s/ Alan Jay Weil
      Alan Jay Weil
      Attorneys for Specially Appearing
      Defendant Le-Vel Brands, LLC

FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, LLP
Mark Sommers (*pro hac vice* pending)
Morgan E. Smith (SBN 293503)
Patrick J. Rodgers (*pro hac vice* forthcoming)

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603290852      4      Case No. 2:21-CV-02022-DOC-KES
APPLICATION TO FILE DOCUMENTS UNDER SEAL