UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 21-2022-DOC-KES                                             Date: April 28, 2021

Title: THRIVE NATURAL CARE, INC. v. LE VEL BRANDS, LLC

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING MOTION TO TRANSFER VENUE [44] AND DENYING MOTION FOR PRELIMINARY INJUNCTION [8]**

      Before the Court is Plaintiff Thrive Natural Care, Inc.'s ("Plaintiff" or "Thrive") Motion for Preliminary Injunction (Dkt. 8). Also before the Court is Defendant Le-Vel Brands, LLC's ("Defendant" or "Le-Vel") Motion to Transfer Venue (Dkt. 44). The Court finds these matters suitable for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7–15. Having reviewed the moving papers and considered the parties' arguments, the Court **DENIES** the Motion to Transfer and **DENIES** the Motion for Preliminary Injunction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-02326-DOC-ADS　　　　　　　　　　　　　　　　　　Date: April 28, 2021
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

## I. Background

This is a trademark infringement action brought by Plaintiff Thrive Natural Care, Inc. *See* Compl. (Dkt. 1). Plaintiff alleges that Defendant infringes Plaintiff's trademark "THRIVE" in the skincare industry. *Id.* ¶ 55–56. In particular, Plaintiff claims that Defendant's use of the mark "THRIVE SKIN" for skincare products in various advertising channels confuses or misleads consumers as to the origin of the goods.

### A. Procedural History

On March 4, 2021, Plaintiff filed the complaint (Dkt. 1). Plaintiff then filed the instant Motion for Preliminary Injunction on March 5, 2021 ("Mot. Preliminary Injunction") (Dkt. 8). Defendants opposed the preliminary injunction on March 22, 2021 (Dkt. 22).

Defendants filed the instant Motion to Transfer on April 2, 2021 ("Mot. Transfer") (Dkt. 44). Plaintiff opposed the Motion on April 12, 2021 (Dkt. 56), and Defendants filed a Reply on April 19, 2021 (Dkt. 62).

## II. Legal Standard

### A. Motion to Transfer

Defendants request a transfer of venue pursuant to 28 U.S.C. § 1404(a). "For the convenience of the parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28. U.S.C. § 1404(a). Further, district courts have discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v Ricoh Corp.*, 487 U.S. 22, 29 (1988)) (citation omitted). The grant or denial of transfer involves a two-step process.

"First, the defendant must establish that the matter might have been brought in the district to which transfer is sought." *Metz v. U.S. Life Ins. Co. in the City of New York*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009). This requires demonstrating "that subject matter jurisdiction, personal jurisdiction, and venue would have been proper if the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-02326-DOC-ADS                                                    Date: April 28, 2021
                                                                                                                  Page 3

plaintiff had filed the action in the district court to which transfer is sought." *Id.* Second, courts must "weigh multiple factors in its determination whether transfer is appropriate in a particular case." *Id.* "[A] court must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Normally, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors . . . weigh heavily in favor of venue elsewhere." *Metz*, 674 F. Supp. 2d at 1146 (quoting *Catch Curve, Inc. v. Venali, Inc.*, No. CV 05-04820 DDP AJWX, 2006 WL 4568799, at *1 (C.D. Cal. Feb. 27, 2006)).

### B. Preliminary Injunction

A preliminary injunction is an "extraordinary remedy." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff seeking preliminary injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). Alternatively, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation omitted). A "serious question" is one on which the movant "has a fair chance of success on the merits." *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1421 (9th Cir. 1984). Under the Trademark Modernization Act of 2020 ("TMA"), "[a] plaintiff seeking such an injunction shall be entitled to a rebuttable presumption of irreparable harm . . . upon a finding of likelihood of success on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction or temporary restraining order." 15 U.S.C. § 1116(a).

## III.   Discussion

### A.   Motion to Transfer

As analyzed below, the Court finds that (A) this Action could have been brought in the Eastern District of Texas, (B) the convenience and justice factors do not weigh in favor of transfer, and, on balance, (C) the convenience and justice factors do not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-02326-DOC-ADS                                        Date: April 28, 2021
                                                                                                                                                Page 4

outweigh any deference afforded to Plaintiff's choice of litigating this Action in the Central District of California.

### 1.      This Suit May Have Been Brought in the Eastern District of Texas

Transfer is only appropriate to a district where personal jurisdiction, subject matter jurisdiction, and proper venue are maintained. *Metz*, 674 F. Supp. 2d at 1145. Defendants argue that this case could have been brought in the Eastern District of Texas. Mot. Transfer at 8–9. Plaintiff does not challenge this assertion. *See generally* Opp'n. Thus, the Court finds that this Action could have been brought in the Eastern District of Texas.

### 2.      The Convenience of the Parties and the Interest of Justice

While there is no definitive list in the Ninth Circuit, courts commonly consider the following non-exhaustive factors in determining the convenience of the parties and the interest of justice:

(1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009); *see also Jones*, 211 F.3d at 498–99. The most relevant factors will be analyzed in turn.

#### a.      Plaintiff's Choice of Forum

Plaintiff alleges that their choice of forum weighs against transfer because there is a strong presumption in favor of the plaintiff's choice of forum. Opp'n Transfer at 4–5. Defendant argues that Plaintiff's choice of forum should be given little weight because the Central District of California is not the primary residence of the Plaintiff nor the Defendant. Mot. Transfer at 15. Defendants further argue that the "crux of this dispute will heavily depend on the parties' respective priority of rights" in the corresponding marks and product lines. *Id.* at 15–16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-02326-DOC-ADS             Date: April 28, 2021
            Page 5

Although the plaintiff's choice of forum is ordinarily given great deference, this choice is entitled to less deference if the defendant establishes one or more of the following factors:

(1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum.

*Metz*, 674 F. Supp. 2d at 1146 (quoting *Catch Curve, Inc.*, 2006 WL 4568799 at *4); *see also Pfeiffer v. Himax Techs., Inc.*, 530 F. Supp. 2d 1121, 1124 (C.D. Cal. 2008) (holding that plaintiff's choice of forum is not entitled to deference "when plaintiffs do not reside in the district, the operative facts have not occurred within the forum, the forum has no particular interest in the action, and plaintiffs are seeking to bring a class action"). Further, "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (internal citations omitted).

Here, Plaintiff's choice of forum is still entitled to deference. Though this District is not the primary residence of either the Plaintiff or Defendant, the Court finds that many of the operative facts of this case have occurred in this District. Defendant argues that the operative facts of this case arose in the Eastern District of Texas, because the selection and first use of the trademark occurred there. Mot. Transfer at 11. However, "[i]n a trademark suit brought under the Lanham Act, a 'substantial part' of the events giving rise to the claims occur in any district where consumers are likely to be confused by the accused goods, whether that occurs solely in one district or in many." *Allstar Mktg. Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1128 (C.D. Cal. 2009) (*citing Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) ("The place where the alleged passing off occurred . . . provides an obvious correct venue")). Plaintiff alleges that Defendants have sold hundreds of thousands of dollars of "THRIVE SKIN" products to customers in this district. Opp'n Transfer at 9. Plaintiff further alleges that "consumers were more likely exposed to both parties' products in this District." *Id.* Accordingly, a substantial part of the operative facts occurred in this forum, and Plaintiff's choice of forum is given great deference.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-02326-DOC-ADS                              Date: April 28, 2021
                                                                                                                              Page 6

### b.     Convenience of the Parties

Defendant's principal place of business is in Frisco, Texas. Mot. Transfer at 10. Several of Defendant's key executives and employees, as well as Defendant's in-house counsel, reside in Frisco. *Id.* However, Defendants also have 580 active "Brand Promoters" located in this District, working to market and sell Defendant's products. *Id.* One of Defendant's founders resides in Tennessee, and another moves between Colorado and Arizona. Mot. Transfer at 3. Defendant's president and chief legal officer resides in Florida. *Id.* Additionally, Defendant is a multi-billion dollar company with hundreds of millions of dollars in sales per year. Opp'n Transfer at 1.

In contrast, Plaintiff has a total of six full-time employees, all based in San Francisco, California. Opp'n Transfer at 1. Plaintiff had a total revenue of $1 million in 2020.

Plaintiff argues that being forced to litigate this case in Texas would require Plaintiff to incur substantial expenses, creating a significant burden. *Id.* at 3. Plaintiff argues that Defendant has the means to absorb the costs of litigating in this District because Defendant is the far larger company. *Id.* at 1. Additionally, Plaintiff points out that Defendant has previously chosen to bring suit in this District to assert its own trademark rights with the same counsel. *Id. See Le-Vel Brands, LLC v. Thrive Market, Inc.*, No. 2:17-cv-08951-AFM (C.D. Cal. 2017).

It is Defendants' burden to show that convenience "weigh[s] heavily in favor of venue elsewhere." *Metz*, 674 F. Supp. 2d at 114. Though the selection and first use of the marks in question may have occurred in Texas, Defendants have not shown that the convenience of litigating in Texas is of such a magnitude that it weighs heavily in favor of transfer. Furthermore, Defendants have made no showing that it would be unfair to litigate in the Central District of California: Plaintiff's choice of forum and a location where Defendants do business. Accordingly, the Court finds that this factor weighs in favor of Plaintiff. The Court finds that the remaining factors merit little discussion because they do not weigh heavily in favor of transfer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-02326-DOC-ADS                                                        Date: April 28, 2021
Page 7

### c.      Balancing Plaintiff's Choice, Interest, and Justice

As analyzed above, Plaintiff's choice of forum is given great deference. Additionally, it is Defendant's burden to show that convenience weighs heavily in favor of transfer. Defendant did not meet that burden.

Accordingly, the Court DENIES the Motion to Transfer.

## B.      Preliminary Injunction

Without reaching the merits of this case, the Court finds that Defendant has established that Plaintiff is not likely to suffer irreparable harm in the event a preliminary injunction is not issued. Defendant argues, and the Court agrees, that Plaintiff has not offered evidence of harm—especially significant where Defendant's products have already been on the market for nearly two years. Opp'n Preliminary Injunction at 20.

To the extent that any lasting harm is done to Plaintiff's business, such harm would be compensable by money damages if the Plaintiff prevails at trial. As such, the issuance of a preliminary injunction would be inappropriate here.

Accordingly, the Court DENIES the Motion for Preliminary Injunction.

## IV.      Disposition

For the reasons stated above, the Court **DENIES** Defendant's Motion to Transfer Venue to the Eastern District of Texas and **DENIES** Plaintiff's Motion for Preliminary Injunction.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                         Initials of Deputy Clerk:
CIVIL-GEN                                                                                                      kd