UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRIVE NATURAL CARE, INC.,<br><br>   Plaintiff,<br><br> v.<br><br>LE-VEL BRANDS, LLC,<br><br>   Defendant. | Case No. 2:21-CV-02022-DOC-KES<br><br>**[PROPOSED] ORDER GRANTING THRIVE NATURAL CARE, INC.'S PARTIAL MOTION TO DISMISS COUNTERCLAIM UNDER RULE 12(B)(6)**<br><br>Judge: Hon. David O. Carter<br>**Hearing Date**: June 14, 2021<br>**Time**: 8:30 a.m.<br>**Courtroom**: 9D |
| LE-VEL BRANDS, LLC,<br><br>   Counterclaim Plaintiff,<br><br> v.<br><br>THRIVE NATURAL CARE, INC,<br><br>   Counterclaim Defendant. | |

  The Court has considered Counterclaim Defendant Thrive Natural Care, Inc.'s ("Thrive") Partial Motion to Dismiss Le-Vel Brands, LLC's ("Le-Vel") Counterclaim 1 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

  Having considered Thrive's Partial Motion to Dismiss and all documents in support of the motion, being fully advised in the matter, and good cause appearing,

the Court finds that Counterclaimant Le-Vel has failed to state a claim upon which relief can be granted with regard to Claim 1 of its Counterclaims.

With regard to Counterclaim 1(a): The Court finds that Thrive is the registrant of U.S. Trademark Registration No. 4,467,942 (the "'942 Registration"). The Court further finds that the '942 Registration has been deemed "incontestable" by the U.S. Patent & Trademark Office pursuant to 15 U.S.C. § 1065. Under the Lanham Act, 15 U.S.C. § 1115(b), the designation of incontestability constitutes "conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." As an incontestable registration, the '942 Registration may only be canceled or challenged on the grounds that are expressly enumerated in 15 U.S.C. §§ 1115(b)(1)-(9) and 1064(3). Failure to properly assign an intent-to-use application under 15 U.S.C. § 1060(a)(1) is not one of the bases for canceling an incontestable mark enumerated in §§ 1115(b) or 1064(3). Therefore, as a matter of law, Le-Vel is barred from contesting the validity and ownership of the '942 Registration on the ground that the intent-to-use application, from which the '942 Registration subsequently registered, was improperly assigned under § 1060. Further, because this is not a valid basis to cancel an incontestable registration pursuant to § 1064(3), the Court also lacks jurisdiction under 15 U.S.C. § 1119 to cancel the '942 Registration on the basis alleged.

With regard to Counterclaim 1(b): Under the plain language of 15 U.S.C. § 1115(b)(2), in order to prove abandonment of an incontestable mark, a challenger must show "[t]hat the mark has been abandoned *by the registrant*." (emphasis added). The Court finds that Thrive is and always has been the registrant of the '942 Registration. The registration issued to Thrive, and Le-Vel admits the registration has never changed hands after issuance. While Le-Vel alleges the mark was abandoned by Ecomundi, LLC ("Ecomundi"), due to a purported error in

assigning the underlying intent-to-use parent application from Ecomundi to Thrive, Ecomundi is not, and never was, the registrant of the '942 Registration. Therefore, Ecomundi's purported non-use of the THRIVE mark is irrelevant and cannot constitute a cognizable basis for a claim of abandonment of the incontestable registration. Under § 1115(b), Le-Vel can only assert an abandonment claim based on Thrive, the registrant, abandoning the mark, and Le-Vel has not done so. Permitting amendment on that issue would be futile, because Le-Vel's pleading alleges that Thrive is using the THRIVE mark on skincare products. Le-Vel's abandonment counter claim has not alleged and cannot show that the '942 Registration "has been abandoned by the registrant" as required to raise a cognizable challenge under § 1115(b).

     Accordingly, Thrive's Partial Motion to Dismiss Le-Vel's Counterclaim 1(a) and (b) for failure to state a claim pursuant to Rule 12(b)(6) is GRANTED. Le-Vel's Counterclaim 1 is dismissed in its entirety with prejudice.

DATED: _____

                                            Honorable David O. Carter