**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 21-02022-DOC-KES                    Date: June 4, 2021

Title: THRIVE NATURAL CARE, INC. v. LE-VEL BRANDS, LLC

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| <u>Kelly Davis</u> | <u>Not Present</u> |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [73]**

       Before the Court is a Motion to Dismiss (Dkt. 73) ("Motion" or "Mot.") brought by Counterclaim Defendant Thrive Natural Care, Inc. ("Counterclaim Defendant" or "TNC"). The Court finds the matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 715. Having reviewed the moving papers submitted by the parties, the Court **GRANTS IN PART** the Defendant's Motion.

**I. Background**

**A. Facts**

       TNC creates and sells plant-based skincare products. Complaint (Dkt. 1) ¶ 12-13. Ecomundi is a venture capital firm that is in the business of investing in companies and projects. Opposition ("Opp'n") (Dkt. 74) at 2-3. Alex McIntosh ("McIntosh") is the CEO of both Ecomundi and TNC. *Id*. On September 11, 2012, Ecomundi filed intent-to-use trademark application No. 85726058 to use the mark "THRIVE" in commerce (the "'058 Application"). Opp'n at 2-3. On May 23, 2013, Ecomundi assigned all rights, title, and interest in the THRIVE mark to TNC. Opp'n at 3. TNC first began using the THRIVE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-02022-DOC-KES                                  Date: June 4, 2021

Page 2

mark covered by the '058 Application in commerce between late August and early September 2013. *See* Supplemental Declaration of Alex McIntosh ("McIntosh Decl.") (Dkt. 28-4) ¶ 2.

On October 4, 2013, TNC filed a Request to Divide the '058 Application into two parts, and this request was granted by the USPTO on November 5, 2013. Memorandum of Law in Support of Motion to Dismiss ("Mot. Mem.") (Dkt. 73-1) at 3-4. Subsequently, the USPTO created a child application, No. 85/980,517 (the "'517 Application"), which covered use of the THRIVE mark in connection with non-medicated skin care preparations (namely facial lotions, cleansers and creams, creams and oils for cosmetic use, skin moisturizers), pre-shaving preparations, and after shave lotions and creams. *Id*. The '517 Application eventually matured into the Trademark Registration No. 4,467,942 (the "'942 Registration"), and on March 7, 2020, the USPTO awarded incontestability status to the '942 Registration. *Id*.

Le-Vel Brands, LLC ("LBL") is a premium lifestyle company that started using the THRIVE mark to brand its various products, including supplements, shake powders and topical patches. Amended Answer ("Am. Answer") (Dkt. 71) ¶ 19-23. Subsequently, LBL began to use the "THRIVE" mark to sell skincare products under the name "THRIVE SKIN." *Id* ¶ 24.

## B. Procedural History

On March 4, 2021, TNC filed the Complaint against LBL, alleging trademark infringement and unfair competition based on LBL's use of the THRIVE mark. Compl. at 1. Shortly thereafter, TNC filed a Motion for Preliminary Injunction and LBL filed a Motion to Transfer, and both these motions were denied on April 28, 2021. *See* Minute Order Denying Motion to Transfer Venue and Motion for Preliminary Injunction (Dkt. 72).

On April 28, 2021, LBL alleged on counterclaim that TNC's incontestability status on the '942 Registration could be stripped away due to either a defect in chain of title in application or abandonment. Am. Answer. On May 12, 2021, TNC filed the instant Motion to Dismiss these claims and Memorandum of Law in Support of Motion to Dismiss. Mot. at 1; Mot. Mem. at 1. LBL filed the Opposition on May 24, 2021. Opp'n at 1. On June 1, 2021, TNC filed the Reply (Dkt. 75) ("Reply") in support of its Motion to Dismiss. Reply at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-02022-DOC-KES                                    Date: June 4, 2021

Page 3

## II.     Legal Standard

### A. Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-02022-DOC-KES                                         Date: June 4, 2021

Page 4

### III. Discussion

In the instant Motion, LBL argues that this Court should cancel the incontestability status of TNC's '942 Registration because a defect in the chain of title in the application makes the mark *void ab initio* per 15 U.S.C. § 1060(a)(1). Mot. Mem. at 1. LBL also argues that this Court should cancel the incontestability status of the '942 Registration since Ecomundi, the true "registrant," has abandoned the mark per 15 U.S.C. § 1115(b). *Id*. The Court addresses each argument in turn.

### A. LBL's *void ab initio* Claim

First, TNC argues that LBL's *void ab initio* claim fails since a mark's incontestability can only be challenged with the defenses enumerated in § 1115(b), and a *void ab initio* defense is not enumerated in this section. Mot. Mem. at 8. A registrant obtains incontestable status by fulfilling the requirements of 15 U.S.C. § 1065, which requires: (a) "that the registered mark has been in use for five consecutive years and is still in use in commerce"; and (b) "there has been no decision adverse to the registrant's claim of ownership of the mark, the right to register, or the right to keep it on the register." *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005); 15 U.S.C. § 1065. LBL relies on § 1060(a)(1), which states that a court may cancel a mark on *void ab initio* grounds when an intent-to-use application is unlawfully transferred prior to actual use of the mark. 15 U.S.C. § 1060. However, under § 1115(b), an incontestable mark is presumptively valid and is only subject to an enumerated set of defenses, including registration obtained by fraud, abandonment by the registrant, and functionality. 15 U.S.C. § 1115(b).

This Court agrees with TNC. § 1115(b) describes the only defenses available to a mark's incontestability status and cancellation on *void ab initio* grounds is not listed here. Had Congress intended for these grounds to also be a defense to incontestability, then it would have included so in § 1115(b). Although § 1060 describes an alternate means for the Court to cancel a mark, it does not supersede § 1115(b) in cases involving cancellation of incontestable marks. *See Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 203 (1985) (holding that the power of the courts to cancel registrations must be subject to the "specific provisions concerning incontestability"); *see also Sovereign Order of Saint John of Jerusalem, Inc. v. Grady*, 119 F.3d 1236, 1240 (6th Cir. 1997) ("Once incontestability is established, only [the]…defenses enumerated in § 1115(b) can be interposed in an action for trademark infringement."). Therefore, this Court does not apply the reasoning of *Patagonia* and *interState Net Bank* to assignments that occur pre-registration. *Patagonia, Inc. v. Anheuser-Busch, LLC*, 2019 WL 8754735

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-02022-DOC-KES                                       Date: June 4, 2021

Page 5

(C.D. Cal. Sept. 3, 2019); *inter~~S~~state Net Bank v. NetB@nk, Inc.*, 348 F. Supp. 2d 340 (D.N.J. 2004).

Additionally, this ruling does not defeat the goals of § 1060. The purpose of § 1060 is to prevent trafficking of marks and a market of "inchoate" or unused marks from forming. However, by the time TNC's '942 Registration acquired incontestability, TNC had used the THRIVE mark continuously and peaceably for enough time that the initial anti-trafficking concerns underlying § 1060 were no longer relevant. LBL fails to adequately challenge this argument.

Ultimately, LBL's Counterclaim fails to sufficiently allege how a *void ab initio* claim falls under the defenses exclusively enumerated in § 1115(b) and how TNC's incontestability status should be properly cancelled on these grounds. Accordingly, the Court GRANTS the Counterclaim Defendant's Motion under Rule 12(b)(6) to Dismiss the *void ab initio* claim.

### B.  LBL's Abandonment Claim

TNC next argues that LBL's abandonment claim fails because TNC, as the original registrant of the '942 Registration, could not be found to have abandoned the mark. Mot. Mem. at 16. § 1115(b) and § 1064(3) permit a court to cancel an incontestable mark if the mark has been abandoned by the original registrant. 15 U.S.C. § 1115; 15 U.S.C. § 1064.

This Court does not agree with TNC. Here, Ecomundi violated § 1060 by improperly assigning the '058 Application to TNC prior to actual use of the mark. As LBL argues in opposition, "only after a valid assignment of trademarks does the assignee succeed to the rights of the assignor." *Patagonia II*, 2020 WL 8514835, at *7; s*ee also* 3 J. Thomas McCarthy, *McCarthy on Unfair Competition* § 18:17 (5th ed. 2021). Thus, LBL has successfully rebutted the presumption that TNC owns the THRIVE mark by showing that TNC had not established valid ownership rights in the mark at the time of registration. *See Sengoku Works Ltd. v. RMC Intern., Ltd.*, 96 F.3d 1217 (9th Cir. 1996), *as modified*, 97 F.3d 1460 (9th Cir. 1996). Since Ecomundi possessed all the rights of mark ownership, it follows that Ecomundi also became the true "registrant" and had abandoned the mark through prolonged nonuse. *See inter~~S~~state Net Bank*, 348 F. Supp. 2d at 349-52 (D.N.J. 2004) ("the effect of the invalid assignment of the trademark registration from Software Agents to Net.B@nk is that the rights revert to Software Agents, the original registrant"); *Kleven v. Hereford*, No. CV 13-02783-AB (AGRx),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-02022-DOC-KES                                              Date: June 4, 2021

Page 6

2015 WL 4977185 (C.D. Cal. Aug. 21, 2015). Thus, LBL has alleged enough information here to raise the right to relief beyond a mere speculative level.

Further, other sections of the U.S. Code confirm that "registrant" status is equivalent with ownership for the purposes of the abandonment defense. § 1127 describes that a mark shall be deemed "abandoned" when "any course of conduct of the *owner*" causes the mark to become the generic name for the goods or services it relates to. 15 U.S.C. § 1127. Meanwhile, § 1115(b)(2) only states that the abandonment defense is available when "the mark has been abandoned by the *registrant*." The interchangeable use of owner and registrant in referring to mark abandonment indicates that Congress intended for these terms to be equivalent for the purposes of the abandonment defense in § 1115(b)(2).

Although it is possible that invalidated ownership does not necessarily change who the "original registrant" of the mark is for the purposes of § 1115(b), TNC has not alleged enough information to demonstrate that this must be the case. Instead, TNC conclusively asserts that TNC is the "original registrant" since the registration was issued to TNC and arbitrarily distinguishes *interState* and *Kleven* on the grounds that these cases deal only with post-registration assignments. Mot. Mem. at 17-19. Accordingly, the Court DENIES the Counterclaim Defendant's Motion under Rule 12(b)(6) to Dismiss the abandonment claim.

### IV.  Disposition

For the reasons explained above, the Court GRANTS Counterclaim Defendant's Motion as to the *void ab initio* claim and DENIES Counterclaim Defendant's Motion as to the abandonment claim.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                         Initials of Deputy Clerk
CIVIL-GEN