Morgan E. Smith (SBN 293503)
morgan.smith@finnegan.com
Daniel R. Mello Jr. (SBN 327514)
daniel.mello@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
3300 Hillview Avenue
Palo Alto, California  94304
Telephone:  (650) 849-6600
Facsimile:  (650) 849-6666

Mark Sommers (*pro hac vice*)
mark.sommers@finnega.com
Patrick J. Rodgers (*pro hac vice*)
patrick.rodgers@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4064

Alan Jay Weil (SBN 63153)
ajweil@kbkfirm.com
Amanda D. Barrow (SBN 313583)
abarrow@kbkfirm.com
**KENDALL BRILL & KELLY LLP**
10100 Santa Monica Blvd., Ste. 1725
Los Angeles, CA 90067
Telephone: (310) 556-2700
Facsimile: (310 556-2705

Attorneys for Defendant and Counterclaim Plaintiff Le-Vel Brands, LLC

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| THRIVE NATURAL CARE, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>LE-VEL BRANDS, LLC,<br><br>Defendant and Counterclaim Plaintiff. | CASE NO. 2:21-cv-02022-DOC (KES)<br><br>**DEFENDANT AND COUNTERCLAIM PLAINTIFF LE-VEL BRANDS, LLC'S APPLICATION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH LE-VEL'S OBJECTION TO ORDER OF SPECIAL MASTER PURSUANT TO RULE 53(F)** |

Pursuant to Civil Local Rule 79-5 and this Court's Standing Orders, Le-Vel hereby requests the Court's permission to file portions of the following documents[1] under seal to protect confidential proprietary information:

- Letter brief from Thrive Natural Care ("TNC") to Judge Guilford dated March 23, 2022, including the supporting declaration of Stephen McArthur (enclosing Exhibits 1-7 to the letter brief) (collectively, "the March 23rd letter")

- Letter brief from Le-Vel to Judge Guilford dated March 30, 2022, including supporting declarations from Morgan E. Smith (enclosing Exhibits 1 and 2 to the letter brief) and Drew S. Hoffman (collectively, "the March 30th letter")

- Letter brief from Le-Vel to Judge Guilford dated April 15, 2022, including declarations of Mark Sommers and Drew Hoffman (collectively, "the April 15th letter")

- Le-Vel's Objection to Order of Special Master Pursuant to Rule 53(f)

This application is based on the points and authorities below, and the accompanying Declaration of Carmen Wasserman. The above referenced documents contain information which has been designated by Le-Vel as confidential or attorneys' eyes only as explained in the Wasserman Declaration. In the event this application is denied, Le-Vel requests that the documents be returned to counsel.

"A particularized showing of good cause is required to seal documents related to non-dispositive motions," like the one at issue here. *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1179-80 (9th Cir. 2006). This standard requires less than "compelling reasons." *Id*. Good cause exists where "such 'court files might have

---

[1] Le-Vel submits these letters with their attachments with its objection brief in order to comply with the procedural requirements of Section 13 to the Order Appointing the Special Master (Dkt. 89), which requires Le-Vel to submit "documents submitted by the parties in connection with the Special Master's decision that were not otherwise filed on the ECF system." However, several attachments to those letters are not at issue and are not otherwise relevant the present objection or this Court's review.

become a vehicle for improper purposes.'" *Id.*, at 1179. "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc.* v. *SamsungElecs. Co., Ltd.,* 727 F.3d 1214, 1221 (Fed. Cir. 2013) (applying Ninth Circuit law). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210. Section 3426.5 states that a court "shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action . . . ." Cal. Civ. Code § 3426.5.

      Here, good cause exists to protect Le-Vel's confidential, proprietary information regarding its licenses, uses of legal counsel, trademark and branding strategies, and organizational structure. Moreover, attached hereto are (i) versions of the documents Le-Vel seeks to file under seal with proposed redactions of Le-Vel's confidential proprietary information highlighted and (ii) redacted public versions of the documents Le-Vel seeks to file under seal with only Le-Vel's confidential proprietary information redacted in order to aid the public's ability to understand the substance of the issues or any decision issued by the Court:

- A redacted public version of Le-Vel's Objection to Order of Special Master Pursuant to Rule 53(f) is filed contemporaneously with this motion.
- A version of Le-Vel's Objection to Order of Special Master Pursuant to Rule 53(f) proposed to be filed under seal is attached. Proposed redactions have been highlighted in yellow.
- A redacted public version of the March 23rd letter is attached to the Declaration of Mark Sommers filed in support of Le-Vel's Objection ("Sommers Decl.") and lodged contemporaneously with this motion.

- A version of the March 23rd letter proposed to be filed under seal is attached. Proposed redactions have been highlighted in yellow.
- A redacted public version of the March 30th letter is attached to the Sommers Decl. and lodged contemporaneously with this motion.
- A version of the March 30th letter proposed to be filed under seal is attached. Proposed redactions have been highlighted in yellow.
- A redacted public version of the April 6th letter is attached to the Sommers Decl. and lodged contemporaneously with this motion.
- A version of the April 6th letter proposed to be filed under seal is attached. Proposed redactions have been highlighted in yellow.
- A redacted public version of the April 15th letter is attached to the Sommers Decl. and lodged contemporaneously with this motion.
- A version of the April 15th letter proposed to be filed under seal is attached. Proposed redactions have been highlighted in yellow.

### I.   LE-VEL'S PROPOSED REDACTIONS

Le-Vel is a health and wellness lifestyle company that offering an array of health and wellness products. Decl. of Carmen Wasserman ("Wasserman Decl.") at ¶ 2. Le-Vel's business is highly competitive in nature and Le-Vel has invested considerable time and resources over the years in developing and protecting proprietary information regarding its business model, including product strategies, trademark and branding strategies and organizational structure. *Id.* at ¶ 3. Le-Vel also regularly relies on in-house and outside counsel for legal advice regarding trademark and regulatory matters in support of its business strategies. *Id.* at ¶ 4. Public disclosure of this information would place Le-Vel at a competitive disadvantage and/or possibly cause other harm to Le-Vel. *See, id.*

In order to maintain its competitive position and prevent competitors from improperly using Le-Vel confidential information, Le-Vel takes steps to prevent public disclosure of its confidential information. *Id.* at ¶ 5. To that end, Le-Vel entered

1  into a protective order with the Plaintiff so as to keep such information confidential
2  throughout this litigation. (Dkt. 91.)
3  　　　The redacted portions of the Le-Vel's Objection to Order of Special Master
4  Pursuant to Rule 53(f) contains proprietary confidential information relating to
5  Le-Vel's trademark and branding strategies, including the use of outside and in-house
6  counsel in support of those strategies. *Id.* at ¶ 6. This information is highly useful in
7  Le-Vel's line of business to protect Le-Vel's trademarks and brand. *Id.* Le-Vel takes
8  steps to keep this information private and confidential and disclosure of this
9  information would place Le-Vel at a competitive disadvantage and/or possibly cause
10 other harm to Le-Vel. *Id*. Le-Vel has narrowly tailored its redactions to Le-Vel's
11 Objection to Order of Special Master Pursuant to Rule 53(f) to only those portions
12 containing Le-Vel's confidential information, so as to aid the public's ability to
13 understand the substance of the issues or any decision issued by the Court. *Id.* Thus,
14 the unredacted version of the Le-Vel's Objection to Order of Special Master Pursuant
15 to Rule 53(f) should be sealed.
16 　　　The redacted portions of the March 23rd letter contain proprietary confidential
17 information relating to Le-Vel's brand and trademark strategies, as well as Le-Vel's
18 organizational structure. *Id.* at ¶ 7. This information is highly useful in Le-Vel's line
19 of business to protect Le-Vel's trademarks and brands. *Id.* This information also
20 highly useful in Le-Vel's line of business to define roles and responsibilities within
21 the organization. *Id.* Le-Vel takes steps to keep this information private and
22 confidential and disclosure of this information would place Le-Vel at a competitive
23 disadvantage and/or possibly cause other harm to Le-Vel. *Id*. Le-Vel has narrowly
24 tailored its redactions to the March 23rd letter to only those portions containing Le-
25 Vel's confidential information, so as to aid the public's ability to understand the
26 substance of the issues or any decision issued by the Court. *Id.* Thus, the unredacted
27 version of the March 23rd letter should be sealed.
28

1	The redacted portions of the March 30th letter contain proprietary confidential information relating to Le-Vel's brand and trademark strategies and confidential licenses. *Id*. at ¶ 8. This information is highly useful in Le-Vel's line of business to protect Le-Vel's trademarks and brands, and well as to maintain confidential business arrangements with third parties. *Id*. Le-Vel takes steps to keep this information private and confidential and disclosure of this information would place Le-Vel at a competitive disadvantage and/or possibly cause other harm to Le-Vel. *Id*. Le-Vel has narrowly tailored its redactions to the March 30th letter to only those portions containing Le-Vel's confidential information, so as to aid the public's ability to understand the substance of the issues or any decision issued by the Court. *Id*. Thus, the unredacted version of the March 30th letter should be sealed.

The redacted portions of the April 15th letter contain proprietary confidential information relating to Le-Vel's brand and trademark strategies, including requests for legal advice from in-house and outside counsel. *Id*. at ¶ 9. This information is highly useful in Le-Vel's line of business to protect Le-Vel's trademarks and brands. *Id*. Le-Vel takes steps to keep this information private and confidential and disclosure of this information would place Le-Vel at a competitive disadvantage and/or possibly cause other harm to Le-Vel. *Id*. Le-Vel has narrowly tailored its redactions to the April 15th letter to only those portions containing Le-Vel's confidential information, so as to aid the public's ability to understand the substance of the issues or any decision issued by the Court. *Id*. Thus, the unredacted version of the April 15th letter should be sealed.

Dated: May 18, 2022

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP

By: /s/ Morgan Smith
Morgan E. Smith (SBN 293503)
morgan.smith@finnegan.com
Mark Sommers (*pro hac vice*)
mark.sommers@finnegan.com

| | |
|---|---|
| 1 | Patrick J. Rodgers (*pro hac vice*) |
| 2 | patrick.rodgers@finnegan.com |
|   | Daniel R. Mello Jr. (SBN 325714) |
| 3 | daniel.mello@finnegan.com |
| 4 | FINNEGAN, HENDERSON, FARABOW, |
|   |    GARRETT & DUNNER, LLP |
| 5 | |
| 6 | Alan Jay Weil (SBN 63153) |
|   | ajweil@kbkfirm.com |
| 7 | Amanda D. Barrow (SBN 313583) |
| 8 | abarrow@kbkfirm.com |
|   | KENDALL BRILL & KELLY LLP |
| 9 | |
| 10 | *Attorneys for Le-Vel Brands, LLC* |