FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Mark Sommers (*pro hac vice*)
  *mark.sommers@finnegan.com*
Patrick Rodgers (*pro hac vice*)
  *patrick.rodgers@finnegan.com*
901 New York Avenue, NW,
Washington, DC 20001-4413
Telephone: (202) 408-4064
Facsimile: (202) 408-4400

Morgan E. Smith (293503)
  *morgan.smith@finnegan.com*
Daniel R. Mello Jr. (325714)
  *daniel.mello@finnegan.com*
3300 Hillview Avenue
Palo Alto, CA 94304
Telephone: (650) 849-6600
Facsimile: (650) 849-6666

KENDALL BRILL & KELLY LLP
Alan Jay Weil (63153)
  *ajweil@kbkfirm.com*
Amanda D. Barrow (313583)
  *abarrow@kbkfirm.com*
10100 Santa Monica, Suite 1725
Los Angeles, California 90067
Telephone:  (310) 556-2700
Facsimile:  (310) 556-2705

*Attorneys for Defendant and Counterclaim
Plaintiff Le-Vel Brands, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| THRIVE NATURAL CARE, INC., | Case No. 2:21-CV-02022-DOC-KES |
| Plaintiff and Counterclaim Defendant, | **DEFENDANT LE-VEL BRANDS, LLC.'S OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| LE-VEL BRANDS, LLC, | |
| Defendant and Counterclaim Plaintiff. | Judge:  Hon. David O. Carter<br>Crtrm:  10A<br>Date:  July 25, 2022<br>Time:  8:30 a.m. |
| | Action Filed:  March 4, 2021 |

Pursuant to § VII.D of Scheduling Order & Order Re: Pretrial and Trial Procedures (Dkt. 83) (the "Scheduling Order"), Defendant and Counterclaim Plaintiff Le-Vel Brands, LLC ("Le-Vel") respectfully submits this memorandum in support of Le-Vel's evidentiary objections to the evidence submitted by Plaintiff and Counterclaim Defendant Thrive Natural Care, Inc.'s ("TNC") in support of TNC's Motion for Partial Summary Judgment (Dkt 122-1). As required by the Scheduling Order, this memorandum tracks the paragraph numbers of TNC's Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Partial Summary Judgment (Dkt. 122-2) ("Statement of Facts").[1]

<u>Statement of Facts #1</u>: Objection to McIntosh Decl. ¶ 27 as including impermissible opinion testimony from a lay witness regarding which products constitute a "lotion," "moisturizer," "cream," "after-shave moisturizer," "daily moisturizer," "moisturizing oil" and/or "skin cleanser." *See* Fed. R. Evid. 701. Further objection to McIntosh Decl. ¶ 27 as providing impermissible opinion testimony from a lay witness regarding how products are classified, including that TNC's products "are classified as skincare products." *See* Fed. R. Evid. 701.

<u>Statement of Facts #2</u>: Objection to McIntosh Decl. ¶ 27 as including impermissible opinion testimony from a lay witness regarding which products constitute a "lotion," "moisturizer," "cream," "after-shave moisturizer," "daily moisturizer," "moisturizing oil" and/or "skin cleanser." *See* Fed. R. Evid. 701. Further objection to McIntosh Decl. ¶ 27 as providing impermissible opinion

---

[1] TNC included a number of exhibits and declaration paragraphs in support of its Motion for Partial Summary Judgment that were not relied upon or cited in its Statement of Facts (e.g. McIntosh ¶¶ 1, 3-8, 31, 35, 41, 45, 48, 55-57, 59, 61, 79-80, 82-85 and Exhibits 19, 29 and 38; Harrington ¶¶ 1-8, 10; Wallace ¶¶ 1-13; McArthur ¶¶ 1-18, 21-26, 29-35). Because this information was not included in TNC's Statement of Facts, TNC's reliance on this information is waived. To the extent the Court allows TNC to rely on this information, Le-Vel reserves the right to submit evidentiary objections in response.

Case No. 2:21-CV-02022-DOC-KES
LE-VEL'S OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF TNC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

testimony from a lay witness regarding how products are classified, including that TNC's Face Balm product is classified as a "lotion, moisturizer, and cream;" TNC's Shave Oil is classified as a "moisturizing oil;" and TNC's Face Wash is classified as a "skin cleanser." *See* Fed. R. Evid. 701.

Objection to Harrington Decl. ¶ 9 at 2:12-3:12 as providing unqualified expert opinion testimony regarding the behaviors and expectations of consumers and companies given that Mr. Harrington has no experience in the direct sales industry upon which to base his opinions. *See* Fed. R. Evid. 702.

Objection to Wallace Decl. Ex. 2 ¶¶ 59-61 as providing unqualified expert opinion testimony regarding how TNC's products are classified given that Mr. Wallace's experience is limited to branding and product design, and Mr. Wallace has no experience in production formulation or classification. *See* Fed. R. Evid. 702.

<u>Statement of Facts #3</u>: Objection to McIntosh Exhibit 14 as produced on June 20, 2022, after the close of discovery.[2] Fed. R. Civ. P. 37(c)(1) provides "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness ***to supply evidence on a motion***…unless the failure was substantially justified or is harmless." *Id.* (emphasis added). This rule applies to motions for summary judgment. *See*, e.g., *James Stewart Ent., LLC v. L&M Racing, LLC*, 2013 WL 12248146, at *4-5, 7-9 (C.D. Cal. June 28, 2013) (striking evidence undisclosed before discovery cutoff date, relied on in party's motion for summary judgment).

Fed. R. Civ. P. 37(c)(1)(A)-(C) also provides for appropriate sanctions upon the party who failed to timely produce documents. The burden is on the party facing

[2] Fact discovery closed on April 15, 2022 and all discovery closed on June 10, 2022. Dkt. 83 at 1. TNC's document production was late even given the broadest interpretation of the Court's deadlines. Due to the short period of time between TNC's late production and the filing deadlines for motions for summary judgment, Le-Vel was unable to bring this issue before the Special Master for resolution.

sanctions to show that its failure to comply with its discovery obligations under Fed. R. Civ. P. 26 was either justified or substantially harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).  In determining whether to preclude introduction of evidence pursuant to Federal Rule of Civil Procedure 37, courts consider:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence.

*Johansen v. Am. Gen. Life Ins. Co.*, 2012 WL 12894865, at *1 (C.D. Cal. Oct. 3, 2012).

TNC provided no explanation for its late document production. For its part, Le-Vel is prejudiced by TNC's late production of documents because Le-Vel was unable to challenge the veracity and substance of the documents during fact or expert discovery, nor prepare contradictory fact or expert evidence. Therefore, any document bearing a Bates number higher than ThriveLevel_005881, including McIntosh Exhibit 14, or otherwise produced after the discovery cutoff should be excluded from evidence.

Objection to McArthur Decl. Ex. 1 as produced on June 20, 2022 after the close of discovery, for the same reasons discussed with respect to McIntosh Exhibit 14.  McArthur Decl. Ex. 1 consists of an undated declaration purportedly signed by third-party Patrick Wyman of Whole Foods, who was deposed on April 20, 2022 in this litigation, making substantive alterations to his deposition testimony.  TNC provided no explanation for its late production of this declaration, and Le-Vel is prejudiced by its production because Le-Vel was unable to question Mr. Wyman about these facts during his deposition.  The Declaration of Patrick Wyman should be excluded from evidence.

Further objection to McArthur Decl. Ex. 1, the Declaration of Patrick Wyman, as failing to comply with 28 U.S.C. § 1746, which requires declarations to

3

1  be signed under penalty of perjury under the laws of the United States.  The

2  Declaration of Patrick Wyman does not contain the language required by § 1746 and

3  should thus be excluded as improper.

4      <u>Statement of Facts #5</u>: Objection to the first two sentences and the last

5  sentence of McIntosh Decl. ¶ 33 on the ground that he has not laid any foundation

6  for his statements regarding Pharmaca's alleged January 17, 2014 product order,

7  including instructions related to that order; Pharamaca's alleged confirmation on

8  February 17, 2014 that TNC products were on shelves; or the locations and dates

9  where Pharmaca stores sold TNC's THRIVE skincare products. *See* Fed. R. Evid.

10  602. Moreover, to the extent Mr. McIntosh's statements are based on information

11  provided to him by others, they are inadmissible hearsay and no exception is

12  applicable. *See* Fed. R. Evid. 802.

13      <u>Statement of Facts #6</u>: Objection to the first sentence of McIntosh Decl. ¶ 34

14  on the ground that he has not laid any foundation for his statement. *See* Fed. R.

15  Evid. 602. Objection to the second sentence of McIntosh Decl. ¶ 34 and McIntosh

16  Exhibit 18 on the grounds that the referenced exhibit does not match the description

17  provided in ¶ 34, but instead contains no less than four separate documents not

18  produced together as a family. *See* Fed. R. Evid. 901.

19      Objection to the last document included in McIntosh Exhibit 18 bearing Bates

20  numbers ThriveLevel_0005961-63 on the grounds that it was produced on June 20,

21  2022, after the close of discovery, for the same reasons discussed in response to

22  Statement of Facts #3 with respect to McIntosh Exhibit 14.  Objection to the last

23  sentence of McIntosh Decl. ¶ 34 on the ground that Mr. McIntosh has not laid any

24  foundation for his statement that TNC's products were actually sold by Whole

25  Foods *to customers*, that those retail stores were in Northern California and Nevada,

26  and subsequently that TNC's products were sold in 72 different Whole Foods stores

27  across the country. *See* Fed. R. Evid. 602. Moreover, to the extent Mr. McIntosh's

28

statements are based on information provided to him by others, they are inadmissible hearsay and no exception is applicable. *See* Fed. R. Evid. 802.

Statement of Facts #7: Objection to McIntosh Decl. ¶ 43 on the ground that Mr. McIntosh has not laid any foundation for his statements. *See* Fed. R. Evid. 602. Moreover, there are no actual sales documents were produced or provided of TNC's "continued" sales of THRIVE-branded skincare since first launched. *See* Fed. R. Evid. 1002.

Objection to the last sentence of McIntosh Decl. ¶ 43 as including impermissible opinion testimony from a lay witness regarding which products constitute "skincare and grooming products." *See* Fed. R. Evid. 701.

Statement of Facts #8: Objection to the part of the second sentence of McIntosh Decl. ¶ 44 that reads that each TNC product has "additional references to THRIVE on the bottle or package" on the ground that Mr. McIntosh has not laid any foundation for this statement. *See* Fed. R. Evid. 602.

Statement of Facts #9: Objection to the first and last sentences of McIntosh Decl. ¶ 58 as lacking foundation for the statements that keywords purchased by TNC on Amazon "are targeted towards women" and "focused on female customers," including which of the listed terms Mr. McIntosh is referring to. *See* Fed. R. Evid. 602. Objection to the second sentence of McIntosh Decl. ¶ 58 as lacking foundation for the statement that "[b]y paying for these keywords, Amazon will return links to TNC's skincare products in response to searches that include the keywords." *See id.* Moreover, to the extent Mr. McIntosh's statement is based on information provided to him by others, it is inadmissible hearsay and no exception is applicable. *See* Fed. R. Evid. 802.

Objection to McIntosh Decl. ¶ 81 as lacking foundation regarding his statements that "Le-Vel's skincare products frequently appear together in online searches." *See* Fed. R. Evid. 602. Statement of Fact #9 does not cite McIntosh Exhibit 37 upon which McIntosh Decl. ¶ 81 relies, but this exhibit, which

5

improperly contains a compilation of unassociated documents, further does not have adequate foundation nor has it been authenticated. *See* Fed. R. Evid. 602, 901. For example, Google advises that its search results are influenced by and based on, among other things, the user's "past Search history." *See* https://www.google.com/search/howsearchworks/how-search-works/ranking-results/ (last visited June 29, 2022) ("Search also includes some features that personalize results based on the activity in your Google account"). Mr. McIntosh has failed to lay an adequate (indeed, any) foundation as to how he/others conducted the referenced searches, including whether his/others prior search history included searches targeting TCI or its founder, or whether such search history is representative of any/every member of the public. Other foundational and authenticating information, such as date and time, is also lacking. See, e.g., *Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008) (excluding internet printouts on foundation and authenticity grounds when proponent failed to provide information regarding circumstances of printing, including dates). Further, although McIntosh Decl. ¶ 81 references Amazon among the searches, no evidence of any Amazon searches are included in McIntosh Exhibit 37.

Objection to McIntosh Decl. ¶ 81 as lacking foundation regarding the statement that "a Google search for 'thrive skincare' brings both parties' products to the top of the results." *See* Fed. R. Evid. 602. In addition to the issues identified above, McIntosh Decl. Ex. 37 appears to include search results for "thrive skin," not "thrive skincare."

Statement of Facts #11: Objection to McIntosh Decl. ¶ 48 as lacking foundation to his statement that "TNC's pricing is consistent with what is known as mid-range 'affordable premium' market," his self-serving and uncited description of what "affordable premium" market means, and his claim that "luxury skincare

products . . . sell at much higher prices, often starting at $200 or more." *See* Fed. R. Evid. 602.

Statement of Facts #12: Objection to McIntosh Decl. ¶ 49 on the ground that he has not laid foundation (i.e., no study, no source data, no reporting mechanism, no basis whatsoever), including for the statements "majority of TNC's customers are women," "this has been the case for many years," and "TNC's products have continued to become even more popular with women since 2015." *See* Fed. R. Evid. 602, 901. Further, the statement "[a]s early as 2014, we received reports from one of our main retail customers, Whole Foods, that female Whole Foods employees and female customers were purchasing TNC Products in significant numbers" is based on information provided to Mr. McIntosh by others and, as such, is inadmissible hearsay and no exception is applicable. *See* Fed. R. Evid. 802.

Statement of Facts # 13: Objection to McIntosh Decl. ¶ 49 on the same grounds provided in response to Statement of Facts #12.

Statement of Facts #15: Objection to McIntosh Decl. ¶¶ 53-54, McIntosh Exhibits. 25-26 and Wallace Exhibit 2 ¶¶ 72-77 as not sufficiently authenticated. *See* Fed. R. Evid. 901. For instance, despite Mr. McIntosh's statement that these documents are "true and correct copies," most of these documents appear to be missing pages. *See*, e.g., the first document included in Exhibit 25 which appears based on the bottom right-hand corner to only include 3 of 14 pages. Objection to McIntosh Decl. ¶¶ 53-54, McIntosh Exhibits 25-26 and Wallace Exhibit 2 ¶¶ 72-77 as including inadmissible hearsay without an exception given that neither Mr. McIntosh nor Mr. Wallace were declarants for the statements made in Exhibits 25-26.

Statement of Facts #17: Objection to McIntosh Decl. ¶ 27 for the reasons provided in response to Statement of Facts #1. Objection to McIntosh Exhibits 27 and 28 on the grounds that Mr. McIntosh has not laid an adequate foundation for or established the authenticity of the exhibit. *See* Fed. R. Evid. 602, 901. Indeed, Mr.

7

1   McIntosh does not state that he accessed and printed the relevant webpages, and

2   other foundational and authenticating information, such as date and time on which

3   the pages were accessed, is also lacking. *See*, e.g., *Smets v. Winter*, No. CV 05-

4   06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008)

5   (excluding internet printouts on foundation and authenticity grounds when

6   proponent failed to provide information regarding circumstances of printing,

7   including dates).

8        Statement of Facts #19: Objection to McIntosh Decl. ¶ 65 and 69 as lacking

9   foundation for the statements "Amazon shared with its 700,000-plus employees and

10  over 100 million customers," "TNC was one of just two small businesses selected

11  by Amazon from among thousands of sellers to receive the first Amazon Launchpad

12  Innovation Grant" and "Whole Foods Market has several times featured TNC as a

13  'favorite' brand for its customers" *See* Fed. R. Evid. 602. Objection to McIntosh

14  Decl. ¶ 68 as lacking foundation as no evidence has been provided that any

15  publication other than *USA Today* reported on TNC. *Id.* Further Objection to

16  McIntosh Decl. ¶ 65, 68 and 69 to the extent Mr. McIntosh's statements are based

17  on information provided to him by others as inadmissible hearsay, with no exception

18  being applicable. *See* Fed. R. Evid. 802.

19       Objection to McIntosh Decl. ¶ 65 and McIntosh Exhibit 32 as inadmissible

20  hearsay with no exception applicable to the extent this evidence is offered for the

21  truth of the underlying statements or conclusions made. *See* Fed. R. Evid. 802.

22       Statement of Facts #21: Objection to McIntosh Decl. ¶ 65 for the reasons

23  provided in response to Statement of Facts #19.

24       Statement of Facts # 22: Objection to McIntosh Decl. ¶ 75 as lacking

25  foundation (i.e., no study, no source data, no reporting mechanism, no basis

26  whatsoever) for the financial figures provided. *See* Fed. R. Evid. 602. Further, to the

27  extent Mr. McIntosh's statements are based on information provided to him by

28

others, Objection as inadmissible hearsay with no exception applicable. *See* Fed. R. Evid. 802.

Statement of Facts #24: Objection to McIntosh Exhibit 14 as produced after the close of discovery for the reasons stated in response to Statement of Facts #3.

Statement of Facts #25: Objection McIntosh Decl. ¶¶ 37-38 as impermissible opinion testimony from a lay witness regarding which products constitute a "facial lotion," "cream," "moisturizer," "shave lotion," and "cleanser." *See* Fed. R. Evid. 701. Objection to the statement in McIntosh Decl. ¶ 37 "I did not intend to deceive the USPTO" as impermissible opinion testimony from a lay witness to the extent offered as a legal conclusion or opinion on an ultimate issue. Objection to the statement in McIntosh Decl. ¶ 38 on the grounds that Mr. McIntosh has not laid an adequate foundation for the statement "[h]ad I believed the THRIVE mark was not in use in commerce on the goods listed in the application, I would have waited to file the statement of use" which is phrased as a hypothetical and is thus purely speculative. This demonstrates that Mr. McIntosh has no actual knowledge of this hypothetical outcome and thus his statements lack foundation. *See* Fed. R. Evid. 602.

Statement of Facts #26: Objection McIntosh Decl. ¶¶ 37-38 for the reasons stated in response to Statement of Facts #25. Objection to Harrington Decl. ¶ 9 at 2:12-3:12 for the reasons stated in response to Statement of Facts #2.

Statement of Facts #27: Objection to McIntosh Decl. ¶ 38 for the reasons cited in response to Statement of Facts #25.

Statement of Facts #29: Objection to McIntosh Decl. ¶ 42 as improper opinion testimony from a lay witness with respect to the statement "[a]s I have explained above, those three products constitute the product types claimed in the '942 Registration." *See* Fed. R. Evid. 701. Further Objection to McIntosh Decl. ¶ 42 as improper testimony from a lay witness to the extent the statements "[f]or that reason, I do not believe that I made a false statement to the USPTO by signing the

1  declaration" and "[a]nd I certainly did not knowingly make a false statement with

2  intent to deceive the USPTO by signing the declaration" are offered as legal

3  conclusions. *Id.*

4        Statement of Facts #32: Objection to McIntosh Decl. ¶ 74 on the ground that

5  he has not laid any foundation for the statements that "TNC's THRIVE mark is

6  particularly valuable because it is the only registered mark beginning with 'thrive'

7  or for 'thrive' alone for skincare products" and that third party attempted use of

8  THRIVE "demonstrate[s] high demand for the mark." *See* Fed. R. Evid. 602.

9        Statement of Facts #37: Objection to McArthur Decl. Exs. 10-11 as

10 prejudicial and misleading as these exhibits contain only small, discrete, and biased

11 portions of larger documents. *See* Fed. R. Evid. 403. The complete Bates range for

12 Exhibit 10 is  LE-VEL00012361-853 (493 pages) and TNC only included 11 pages.

13 Exhibit 10 was produced at LE-VEL00012939-13525 (587 pages) and TNC only

14 included 18 pages.

15       Statement of Facts #38: Objection to McArthur Exhibit 12 as prejudicial and

16 misleading as these exhibits contain only small, discrete, and biased portions of

17 larger documents. *See* Fed. R. Evid. 403. Exhibit 12 appears to contain at least 12

18 separate documents, each originally containing hundreds of pages, yet Exhibit 12

19 only contains 129 pages.

20       Statement of Facts #42: Objection to McArthur Decl. ¶ 19 on the ground that

21 Attorney McArthur has not laid any foundation for his testimony regarding Le-Vel's

22 efforts to enforce its trademark rights.  *See* Fed. R. Evid. 602.

23       Further, an attorney declaration is an inappropriate vehicle for providing fact

24 evidence with respect to an opposing party. *See* Fed. R. Evid. 403, 602. To the

25 extent Attorney McArthur has evidence supporting his testimony that "Le-Vel

26 policed its purported rights to the THRIVE mark with regard to supplements, but

27 Le-Vel did not claim any rights to the THRIVE mark for skincare products until

28 after Le-Vel had launched the THRIVE SKIN products on April 30, 2019," he

10

Case No. 2:21-CV-02022-DOC-KES

should have cited and relied upon it. In his **sworn** declaration, Attorney McArthur testified "[t]he matters set forth herein are of my own personal knowledge if called upon to testify as to such matters, I could and would do so." McArthur Dec. ¶ 1.

Statement of Facts #43: Objection to McArthur Decl. ¶ 20 as lacking foundation and inadmissible attorney argument regarding information requiring expert opinion. *See* Fed. R. Evid. 602, 403. Attorney McArthur is inappropriately using an attorney declaration to supplement facts and information that do not exist. Attorney McArthur cannot and should not provide testimony such as "[a]nyone viewing TNC's trademark applications on the USPTO's website, without even logging in, would have seen the assignment agreement under the publicly available 'Documents' tab since its '2013-10-02' upload date."

Statement of Facts #45: Objection to McIntosh Decl. ¶ 76 on the ground that he has not laid any foundation for his testimony "[h]aving reviewed publicly available documentation regarding Le-Vel's THRIVE SKIN products, I understand that each of those products bears the words "THRIVE SKIN" in block letters across the front of the container or packaging." *See* Fed. R. Evid. 602. Further, the best evidence of publicly available documentation bearing the words "THRIVE SKIN" in block letters across the front of the container or packaging are those publicly available documents that Mr. McIntosh reviewed, which were not cited. *See* Fed. R. Evid. 1002.  Further, documents show Le-Vel uses its umbrella THRIVE brand in smaller bold letters above a horizonal line with its SKIN product name in un-bolded larger letters below the horizonal line.

Statement of Facts #46: Objection to McIntosh Decl. ¶ 77 as lacking foundation and containing impermissible opinion testimony and legal conclusions from a lay witness with respect to the testimony "[t]he Accused Products are identical in-kind to TNC's TNC Products, performing the same or similar functions of skin moisturizing, protection, refreshing, and cleansing via topical application of skincare products" and "[b]oth TNC and Le-Vel sell cleansers, moisturizers, lotions,

1   and creams under the same THRIVE brand." *See* Fed. R. Evid. 602, 701. Mr.

2   McIntosh has not demonstrated that he has any knowledge regarding the

3   performance of Le-Vel's products nor is Mr. McIntosh qualified to characterize

4   which products are cleansers, moisturizers, lotions or creams.

5          <u>Statement of Facts #47</u>: Objection to McIntosh Decl. ¶ 78 as on the ground

6   that he has not laid the foundation for the statement "I understand that Le-Vel has

7   referred to its Accused Products as 'antiaging skincare products' in an attempt to

8   differentiate them from TNC's skincare products" and as inadmissible hearsay

9   without an applicable exception to the extent offered for the truth of the statement.

10  *See* Fed. R. Evid. 602, 802. Objection to the testimony "sunscreen and moisturizer

11  are recognized as two of the most prominent types of anti-aging skincare products"

12  and "Le-Vel's categorization of its Accused Products as "anti-aging" does not

13  differentiate those products from the skincare products sold by TNC" as containing

14  impermissible opinion testimony from a lay witness. *See* Fed. R. Evid. 701. Further

15  Objection to McIntosh Decl. ¶ 78 as impermissible opinion testimony from a lay

16  witness when attempting to categorize products as "anti-aging skincare products."

17  *Id*.

18         Objection to McIntosh Exhibit 36 as containing multiple documents as one

19  exhibit which have not been properly authenticated. *See* Fed. R. Evid. 701. Mr.

20  McIntosh failed to lay an adequate (indeed, any) foundational and authenticating

21  information, such as date and time, or, as in the case of the first document, any web

22  address. *See*, e.g., *Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL

23  4381618, at *4 (C.D. Cal. Sept. 25, 2008) (excluding internet printouts on

24  foundation and authenticity grounds when proponent failed to provide information

25  regarding circumstances of printing, including dates); *see also* Fed. R. Evid. 602.

26  Further Objection to the extent documents are offered for the truth of the statements

27  contained within on the grounds that the declaration testimony and exhibit constitute

28  inadmissible hearsay and no exception is applicable. *See* Fed. R. Evid. 802. Further

Objection to McIntosh Exhibit 36 as containing documents produced after the close of fact discovery for the same reasons discussed in response to Statement of Facts #3 with respect to McIntosh Exhibit 14. The documents bearing Bates numbers ThriveLevel_0005899-5905, ThriveLevel_0005895-5897, and ThriveLevel_0005889-5892 were produced on June 20, 2022, after the close of discovery.

Statement of Facts #48: Objection to McIntosh Decl. ¶ 81 and McIntosh Exhibit 37 as lacking foundation regarding his statements that "Le-Vel's skincare products frequently appear together in online searches." *See* Fed. R. Evid. 602. McIntosh Exhibit 37, which improperly contains a compilation of unassociated documents, does not have an adequate foundation nor has authenticity been established. *See* Fed. R. Evid. 602, 901. For example, Google advises that its search results are influenced by and based on, among other things, the user's "past Search history." *See* https://www.google.com/search/howsearchworks/how-search-works/ranking-results/ (last visited June 29, 2022) ("Search also includes some features that personalize results based on the activity in your Google account"). Mr. McIntosh has failed to lay an adequate (indeed, any) foundation as to how he/others conducted the referenced searches, including whether his/others prior search history included searches targeting Le-Vel, or whether such search history is representative of any/every member of the public. Other foundational and authenticating information, such as date and time, is also lacking. *See,* e.g., *Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008) (excluding internet printouts on foundation and authenticity grounds when proponent failed to provide information regarding circumstances of printing, including dates). Further, although McIntosh Decl. ¶ 81 references Amazon among the searches, no evidence of any Amazon searches are included in McIntosh Exhibit 37.

Objection to McIntosh Decl. ¶ 81 as lacking foundation regarding the statement that "a Google search for 'thrive skincare' brings both parties' products to the top of the results. *See* Fed. R. Evid. 602. In addition to the issues identified above, McIntosh Decl. Ex. 37 appears to include search results for "thrive skin," not "thrive skincare."

Statement of Facts #49: Objection to McIntosh Decl. ¶ 81 and McIntosh Exhibit 37 for the reasons provided in response to Statement of Facts #48.

Objection to Wallace Exhibit 1 ¶ 22 as lacking foundation regarding his statement "[t]heir websites appear near or adjacent to each other in Google search results for relevant terms such as "thrive skincare," and their products can be found together on eBay, as illustrated below, and on other third party sales sites like Google Shopping." *See* Fed. R. Evid. 602, 901. Mr. Wallace has also failed to lay an adequate (indeed, any) foundation as to how he/others conducted the referenced searches, including whether his/others prior search history included searches targeting Le-Vel, or whether such search history is representative of any/every member of the public. Other foundational and authenticating information, such as date and time, is also lacking. *See*, e.g., *Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008) (excluding internet printouts on foundation and authenticity grounds when proponent failed to provide information regarding circumstances of printing, including dates).

Statement of Facts #50: Objection to McIntosh Decl. ¶ 81, McIntosh Exhibit 37 and Wallace Exhibit 1 ¶ 22 for the reasons cited in response to the Statement of Facts #49.

Statement of Facts #54: Objection to Wallace Exhibit 1 ¶¶ 66-76, 80-81 on the ground that the survey underlying those paragraphs fails to meet the foundational requirements for a proper consumer survey. *See* Fed. R. Evid. 602; *see also* Le-Vel's Memorandum in Support of *Daubert* Motion to Exclude Survey and Testimony of Robert E Wallace (Dkt. 120).  Notably, several courts have excluded

14

Mr. Wallace from offering opinions on the ground that he has failed to meet the minimum standards required of an expert under *Daubert*.  *See*, *e.g.*, *Pinnacle Advertising & Mkt. Grp., Inc. v. Pinnacle Advertising & Mkt. Grp. Inc.*, 2019 WL 7376782, at * 7 (S.D. Fla. Sept. 26, 2019) (excluding Wallace testimony: "I conclude that Wallace's survey is so unreliable that it must be excluded. It also appears that the majority of remaining opinions are unsupported and conclusory, without any apparent foundation."); *Akiro LLC v. House of Cheatham, Inc.*, 946 F. Supp. 2d 324, 332 (S.D.N.Y. 2013) (excluding Wallace report on the ground that it "simply dresses up [his client's] view of the underlying factual evidence in expert garb"); *Patsy's Italian Restaurant, Inc. v. Banas*, 531 F. Supp. 2d 483, 486 (E.D.N.Y. 2008) (excluding Wallace opinion that was "based on his own personal knowledge and expertise" rather than consumer survey as "unreliable on the issue of likelihood of confusion").

Statement of Facts #55: Objection to McArthur Decl. ¶ 27 as lacking foundation for the statement "Le-Vel never attempted to do its own survey to test the likelihood of confusion between TNC's skincare products and Le-Vel's Accused Products." *See* Fed. R. Evid 602.

Further, an attorney declaration is an inappropriate vehicle for providing fact evidence with respect to an opposing party. *See* Fed. R. Evid. 403, 602. To the extent Attorney McArthur has evidence supporting this testimony, he should have cited and relied upon it. In his **sworn** declaration, Attorney McArthur testified "[t]he matters set forth herein are of my own personal knowledge if called upon to testify as to such matters, I could and would do so." McArthur Dec. ¶ 1.

Statement of Facts #56: Objection to McArthur Decl. ¶ 28 as lacking foundation for the statement "Le-Vel never did a consumer survey to test whether there was a likelihood of confusion between Le-Vel's supplements and TNC's skincare products at any time, whether in 2014, 2019, or the present." *See* Fed. R. Evid 602.

15

Case No. 2:21-CV-02022-DOC-KES
LE-VEL'S OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF TNC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Further, an attorney declaration is an inappropriate vehicle for providing fact evidence with respect to an opposing party. *See* Fed. R. Evid. 403, 602. To the extent Attorney McArthur has evidence supporting this testimony, he should have cited and relied upon it. In his **sworn** declaration, Attorney McArthur testified "[t]he matters set forth herein are of my own personal knowledge if called upon to testify as to such matters, I could and would do so." McArthur Dec. ¶ 1. Attorney McArthur has arguably committed perjury with respect to McArthur Decl. ¶ 28.

Statement of Facts #59:  Objection to McArthur Decl. Ex. 23.  As discussed in Le-Vel's opposition to TNC's Motion for Partial Summary Judgment, reliance on Le-Vel's prior statements to the USPTO amounts to prosecution history estoppel, which is inapplicable in trademark cases.  Because the probative value of such prior statements is substantially outweighed by the danger of unfair prejudice, they should be excluded under Fed. R. Evid. 403.

Statement of Facts #65: Objection to McIntosh Decl. ¶¶ 87-88 as containing impermissible opinion testimony from a lay witness and lacking foundation. *See* Fed. R. Evid. 701, 602. Mr. McIntosh was not disclosed as an expert in this litigation, has not provided an expert report, and has not been qualified as an expert including with respect to what would be a "simple natural expansion" from vitamin supplements, what the "most popular skincare companies" and "largest vitamin companies" make or sell (nor which companies fall into these categories), which products are "complementary" or "use the same materials," whether skincare products and supplements are considered to be in the same category, whether they use the same materials, the costs of producing skincare and supplements together, the process of packaging said products, which corporate buyers sell which products, and where products are sold on retailer shelves.

Statement of Facts #66: Objection to McIntosh Decl. ¶ 87 for the reasons stated in response to Statement of Facts #65.

1      <u>Statement of Facts #67</u>: Objection to McArthur Exhibit 28 as not produced

2  during this litigation. McArthur Decl. ¶ 34 states "[a]ttached hereto as Exhibit 28 is

3  a true and correct copy of a ThorCheck clearance search report run on March 23,

4  2021…."  TNC waited until motions for summary judgment were due before

5  disclosing this report. For the reasons set forth in response to Statement of Facts #3

6  with respect to McIntosh Exhibit 14, this document should be excluded. Further

7  Objection to McArthur Exhibit 28 on the grounds that no foundation has been laid

8  and this document has not been authenticated. *See* Fed. R. Evid. 602, 901. No

9  information has been provided with respect to the parameters of this search and

10  Le-Vel has not had the opportunity to challenge the veracity of this report during

11  fact discovery.

15  Dated: July 1, 2022

Respectfully submitted,

Morgan Smith
morgan.smith@finnegan.com
Daniel Mello
daniel.mello@finnegan.com
FINNEGAN, HENDERSON,
FARABOW,
  GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, CA 94304
Telephone:  (650) 849-6600
Facsimile:  (650) 849-6666

Mark Sommers (*pro hac vice*)
mark.sommers@finnegan.com
Patrick J. Rodgers (*pro hac vice*)
patrick.rodgers@finnegan.com
FINNEGAN, HENDERSON,
FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue NW
Washington, DC 20001
Telephone:  (202) 408-4000
Facsimile:  (202) 408-4400

Case No. 2:21-CV-02022-DOC-KES
LE-VEL'S OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF TNC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Alan J. Weil
*aweil@kbkfirm.com*
Amanda D. Barrow (313583)
abarrow@kbkfirm.com
KENDALL BRILL & KELLY LLP
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile:  310.556.2705

*Attorneys for Le-Vel Brands, LLC*

18