FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Mark Sommers (*pro hac vice*)
  mark.sommers@finnegan.com
Patrick Rodgers (*pro hac vice*)
  patrick.rodgers@finnegan.com
901 New York Avenue, NW,
Washington, DC 20001-4413
Telephone: (202) 408-4064
Facsimile: (202) 408-4400

Morgan E. Smith (293503)
  morgan.smith@finnegan.com
Daniel R. Mello Jr. (325714)
  daniel.mello@finnegan.com
3300 Hillview Avenue
Palo Alto, CA 94304
Telephone: (650) 849-6600
Facsimile: (650) 849-6666

KENDALL BRILL & KELLY LLP
Alan Jay Weil (63153)
  ajweil@kbkfirm.com
Amanda D. Barrow (313583)
  abarrow@kbkfirm.com
10100 Santa Monica, Suite 1725
Los Angeles, California 90067
Telephone:  (310) 556-2700
Facsimile:   (310) 556-2705

*Attorneys for Defendant and Counterclaim Plaintiff Le-Vel Brands, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| THRIVE NATURAL CARE, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> LE-VEL BRANDS, LLC, <br><br> Defendant and Counterclaim Plaintiff. | Case No. 2:21-CV-02022-DOC-KES <br><br> **LE-VEL BRANDS, LLC.'S OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF TNC'S OPPOSITION TO LE-VEL'S MOTION FOR SUMMARY JUDGMENT** <br><br> Judge: Hon. David O. Carter <br> Crtrm: 10A <br> Date: July 25, 2022 <br> Time: 8:30 a.m. <br><br> Action Filed: March 4, 2021 |

1    Pursuant to § VII.D of Scheduling Order & Order Re: Pretrial and Trial
2    Procedures (Dkt. 83) (the "Scheduling Order"), Defendant and Counterclaim
3    Plaintiff Le-Vel Brands, LLC ("Le-Vel") respectfully submits this memorandum in
4    support of Le-Vel's evidentiary objections to the evidence submitted by Plaintiff
5    and Counterclaim Defendant Thrive Natural Care, Inc. ("TNC") in support of
6    TNC's Opposition to Le-Vel's Motion for Summary Judgment (Dkt 162-1). As
7    required by the Scheduling Order, this memorandum tracks the paragraph numbers
8    of TNC's Statement of Additional Facts in Support of Opposition to Le-Vel's
9    Motion Summary Judgment (Dkt. 162-1) ("Statement of Additional Facts").[1]

10    <u>TNC's Statement of Additional Facts #52</u>: Objection to the first sentence of
11   McIntosh Decl. ¶ 21 on the ground that he has not laid any foundation for his
12   statement regarding when TNC began marketing and offering for sale products
13   under the THRIVE mark. *See* Fed. R. Evid. 602. Objection to the third and fourth
14   sentences of McIntosh Opp. Decl. ¶ 21 on the ground that he has not laid any
15   foundation for his statement regarding Pharmaca's alleged offering of TNC's
16   products on Pharmaca retail shelves, including which TNC products were available,
17   at which Pharmaca locations, and during which dates Pharmaca stores sold TNC's
18   THRIVE products. *See* Fed. R. Evid. 602. Objection to the last sentence of
19   McIntosh Opp. Decl. ¶ 21 on the ground that he has not laid any foundation for his
20   statement regarding the alleged availability of TNC's THRIVE products at Whole
21   Foods stores. *See* Fed. R. Evid. 602. Moreover, to the extent Mr. McIntosh's

---

[1] TNC included a number of exhibits and declaration paragraphs in support of its Opposition to Le-Vel's Motion for Summary Judgment that were not relied upon or cited in its Statement of Genuine Disputes to Le-Vel's Statement of Uncontroverted Facts or its Statement of Additional Facts (e.g. Harrington ¶¶ 1-10; McIntosh ¶¶ 1-4, 20, 22-30; McArthur ¶¶ 14-15 and Exhibit 6). Because this information was not included, TNC's reliance on this information is waived. To the extent the Court allows TNC to rely on this information, Le-Vel reserves the right to submit evidentiary objections in response.

statements are based on information provided to him by others, they are inadmissible hearsay and no exception is applicable. *See* Fed. R. Evid. 802.

<u>TNC's Statement of Additional Facts #53</u>: Objection to McIntosh Opp. Decl. ¶ 13 and Exhibit 5 on the ground that he has not laid any foundation for his statements regarding a November 20, 2012 presentation. *See* Fed. R. Evid. 602. Specifically, in ¶¶ 13 and 14, Mr. McIntosh mentions two different presentations but indicates that both are attached as Exhibit 5. Exhibit 5 includes only the presentation from November 15, 2012 discussed in ¶ 14.

Objection to McIntosh Opp. Decl. ¶ 15 on the ground that he has not laid any foundation for his statement that the January 2013 Request for Proposal was released "publicly." Fed. R. Evid. 602. Instead, ¶ 15 improperly contradicts his previous testimony on this issue. (*See* Dkt. 130-2, Ex. 7 (Ecomundi 30(b)(6) Dep.) at 76:15-77:11); *Gonzalez v. Ford Motor Co.*, No. LA CV 19-00652 PA (ASx), 2019 WL 6122554, at *4 (C.D. Cal. Oct. 23, 2019) (collecting cases; "Plaintiff cannot create an issue of fact at summary judgment by contradicting his prior sworn deposition testimony and interrogatory responses."). *See also Bridge Publ'ns, Inc. v. Vien*, 827 F. Supp. 629, 632 (S.D. Cal. 1993) (holding that defendant's declaration in opposition to plaintiff's summary judgment did not create a "*genuine issue of material fact*" because it contradicted defendant's "prior declaration and deposition testimony"). As such, ¶ 15 should be excluded as irrelevant. *See* Fed. R. Evid. 401. Alternatively, even if ¶ 15 is relevant, because it contradicts previous testimony, it should be excluded because its probative value is substantially outweighed by at least unfair prejudice and confusing the issues. *See* Fed. R. Evid. 403.

Objection to McIntosh Opp. Decl. ¶ 19 as impermissible opinion testimony from a lay witness regarding the statement that the Restricted Stock Purchase Agreement and Technology Assignment Agreement transferred "all aspects of the THRIVE business, including trademarks and all goodwill associated with the

1  THRIVE mark," to the extent it is offered as a legal conclusion or opinion on an
2  ultimate issue. *See* Fed. R. Evid. 701. Objection to McIntosh Opp. Decl. ¶ 19 on
3  the ground that Mr. McIntosh has not laid adequate foundation for the statement
4  that, at the time of the Restricted Stock Purchase Agreement and Technology
5  Assignment Agreement, there was goodwill in the THRIVE trademark to transfer.
6  *See* Fed. R. Evid. 602.

**TNC's Statement of Additional Facts #54**: Objection to McArthur Opp. Decl. Exhibit 7 as prejudicial and misleading as this exhibit contains only a six-page portion of a several hundred-page trademark clearance search report that detailed hundreds of other search results. *See* Fed. R. Evid. 403.

**TNC's Statement of Additional Facts #55**: Objection to McArthur Decl. Exhibits 8-9 as prejudicial and misleading as these exhibits contain only small, discrete, and biased portions of larger documents. *See* Fed. R. Evid. 403. The complete Bates range for Exhibit 8 is LE-VEL00012361-853 (493 pages) and TNC included only 11 pages. Exhibit 9 was produced at LE-VEL00012939-13525 (587 pages) and TNC included only 17 pages.

**TNC's Statement of Additional Facts #56**: Objection to McArthur Exhibit 10 as prejudicial and misleading as this exhibit contains only small, discrete, and biased portions of much larger documents. *See* Fed. R. Evid. 403. Exhibit 10 appears to contain at least 11 separate documents, each originally containing hundreds of pages, yet Exhibit 10 contains only 128 pages.

**TNC's Statement of Additional Facts #58**: Objection to McIntosh Opp. Decl. ¶ 34 and Exhibit 11 on the ground that Mr. McIntosh lacks personal knowledge of Le-Vel's actual business model and consumer reactions. *See* Fed. R. Evid. 602. Further objection to McIntosh Opp. Decl. ¶ 34 and Exhibit 11 on hearsay grounds, as the articles depicted in Exhibit 11, which Mr. McIntosh relies on for his statements alleging "complaints," "suspicious product claims," and "harmful

1 products" in ¶ 34, are inadmissible hearsay and no exception is applicable. *See* Fed.
2 R. Evid. 802.
3       Objection to the first two sentences of McIntosh Opp. Decl. ¶ 35 on the
4 ground that Mr. McIntosh has not laid any foundation for the statements that
5 consumer confusion exists regarding the Le-Vel and TNC products or that any
6 association would "severely damage" the "reputation" of TNC. *See* Fed. R. Evid.
7 602. Objection to the last sentence of ¶ 35 on the ground that Mr. McIntosh has not
8 laid any foundation for the statement that Le-Vel's products "are of poor quality."
9 *See* Fed. R. Evid. 602. Further Objection to McIntosh Opp. Decl. ¶ 35 as including
10 improper opinion testimony from a lay witness regarding alleged harm suffered by
11 TNC due to alleged consumer confusion. *See* Fed. R. Evid. 701. Moreover, to the
12 extent Mr. McIntosh's statements are based on information provided to him by
13 others, they are inadmissible hearsay, and no exception is applicable. *See* Fed. R.
14 Evid. 802.
15       <u>TNC's Statement of Additional Facts #60</u>: Objection to Fact #60 on the
16 ground that TNC has not laid any foundation for the statement that the agreement
17 was entered into in November 2021. Fed. R. Evid. 602.
18       <u>TNC's Statement of Additional Facts #65</u>: Objection to Harrington Opp.
19 Decl. Exhibit 1 at ¶¶ 36-40 as providing unqualified expert opinion testimony
20 regarding the perceptions of consumers related to the use of skin patches given that
21 Mr. Harrington has no experience in the direct sales industry upon which to base his
22 opinions. *See* Fed. R. Evid. 702. Objection to Harrington Opp. Decl. Exhibit 1 at
23 ¶ 39 as including inadmissible hearsay without an exception given that Mr.
24 Harrington is not the declarant from which the statement was made.
25       <u>TNC Reply to Le-Vel Statement of Facts #1</u>: Objection to Harrington Opp.
26 Decl. Exhibit 1 ¶¶ 36-40 and McArthur Opp. Decl. Exhibits 2, 4, 5, and 13 on the
27 ground that these exhibits do not lay any foundation for the statement that "the
28 primary goal of Le-Vel is to extract as much money as possible out of its Multi-

Level Marketing scheme, and not to help people live happier or healthier lives."[2] *See* Fed. R. Evid. 602. Moreover, it is misleading and prejudicial to claim that Harrington Opp. Decl. Exhibit 1 ¶¶ 36-40 and McArthur Opp. Decl. Exhibits 2, 4, 5, and 13 support the allegation that Le-Vel's primary goal "is to extract as much money as possible . . . and not to help people live happier and healthier lives." *See* Fed. R. Evid. 403. And to the extent Mr. Harrington's statements in Exhibit 1 are based on information provided to him by others, they are inadmissible hearsay and no exception is applicable. *See* Fed. R. Evid. 802.

TNC Reply to Le-Vel Statement of Facts #16: Objection to McIntosh Opp. Decl. ¶ 19 on the ground that he has not laid any foundation to contradict the statement that "Ecomundi attempted to assign all rights, title, and interest in the THRIVE mark covered by the '058 Application to TNC through a Restricted Stock Purchase Agreement." Fed. R. Evid. 602.

TNC Reply to Le-Vel Statement of Facts #19: Objection to McIntosh Opp. Decl. ¶ 19 for the reasons provided in response to Statement of Facts #16 above.

TNC Reply to Le-Vel Statement of Facts #20: Objection to McIntosh Opp. Decl. ¶ 19 for the reasons provided in response to Statement of Facts #16 and #19 above.

TNC Reply to Le-Vel Statement of Facts #21: Objection to McArthur Opp. Decl. Exhibit 3 on the ground that it does not lay any foundation to contradict the statement that Ecomundi entered into the Stock Purchase Agreement and attempted to transfer all the purported rights in the THRIVE mark to TNC "because its

---

[2] Specifically, in TNC's Reply to Le-Vel's Statement of Facts #1, TNC provides no evidence to support its reply that Le-Vel's Fact #1 is "[a]lso disputed as to the primary goal of Le-Vel, which is to extract as much money as possible out of its Multi-Level Marketing scheme, and not to help people live happier or healthier lives." (Dkt. 162-1).

investors were not interested in investing in an LLC (i.e. Ecomundi)." Fed. R. Evid. 602.

TNC Reply to Le-Vel Statement of Facts #29: Objection to McIntosh Opp. Decl. ¶¶ 7-19 and Exhibits 2-8 on the ground that he has not laid any foundation for the statement that Ecomundi used the THRIVE mark in connection with the sale or transport of goods in U.S. commerce. Fed. R. Evid. 602. Objection to McIntosh Opp. Decl. ¶¶ 15, 17, and 19 as declaration testimony that improperly contradicts his previous testimony and discovery responses on this issue. (See Dkt. 130-2, Ex. 7 (Ecomundi 309(b)(6) Dep.) at 71:18-72:8, Ex. 9 (TNC Resp. to RFA) at Nos. 53-54, 56-58, Ex. 10 (TNC Supp. Resp. to RFA); Gonzalez, 2019 WL 6122554, at *4 (collecting cases; "Plaintiff cannot create an issue of fact at summary judgment by contradicting his prior sworn deposition testimony and interrogatory responses."). See also Bridge Pub'ns, 827 F. Supp. at 632 (holding that defendant's declaration in opposition to plaintiff's summary judgment did not create a "*genuine issue of material fact*" because it contradicted defendant's "prior declaration and deposition testimony"). As such, ¶¶ 15, 17, and 19 should be excluded as irrelevant. See Fed. R. Evid. 401. Alternatively, even if ¶¶ 15, 17, and 19 are relevant, because they contradict previous testimony and discovery responses, they should be excluded because the probative value is substantially outweighed by at least unfair prejudice and confusing the issues. See Fed. R. Evid. 403.

TNC Reply to Le-Vel Statement of Facts #30: Objection to McIntosh Opp. Decl. ¶¶ 7-19 and Exhibits 2-8 on the ground that he has not laid any foundation for the statement that Ecomundi conducted business preparation activities that were public facing, involved potential purchasers, and/or resulted in any product revenue for Ecomundi. See Fed. R. Evid. 602.

TNC Reply to Le-Vel Statement of Facts #34: Objection to McArthur Opp. Decl. Exhibit 3 on the ground that it does not lay any foundation to contradict the

statement that since at least May 23, 2013 Ecomundi had no plans to sell, advertise, or distribute any THRIVE products.  Fed. R. Evid. 602.

Objection to McIntosh Opp. Decl. ¶ 8 on the ground that it does not lay any foundation to contradict the statement that since at least May 23, 2013 Ecomundi had no plans to sell, advertise, or distribute any THRIVE products.  Fed. R. Evid. 602.  Instead McIntosh Opp. Decl. ¶ 8 provides declaration testimony that improperly contradicts his previous testimony on this issue.  (*See* Dkt. 130-2, Ex. 7 (Ecomundi 30(b)(6) Dep.) at 125:17-127:1); *Gonzalez*, 2019 WL 6122554, at *4 (collecting cases; "Plaintiff cannot create an issue of fact at summary judgment by contradicting his prior sworn deposition testimony and interrogatory responses.").  *See also Bridge Pub'ns*, 827 F. Supp. at 632 (holding that defendant's declaration in opposition to plaintiff's summary judgment did not create a "*genuine issue of material fact*" because it contradicted defendant's "prior declaration and deposition testimony").  As such, ¶ 8 should be excluded as irrelevant.  *See* Fed. R. Evid. 401.  Alternatively, even if ¶ 8 is relevant, because it contradicts previous testimony, it should be excluded because the probative value is substantially outweighed by at least unfair prejudice and confusing the issues.  *See* Fed. R. Evid. 403.

Dated: July 11, 2022

Respectfully submitted,

/s/ Morgan Smith

Morgan Smith
morgan.smith@finnegan.com
Daniel Mello
daniel.mello@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, CA 94304
Telephone:  (650) 849-6600
Facsimile:   (650) 849-6666

| | |
|---|---|
| 1 | Mark Sommers (*pro hac vice*) |
| | mark.sommers@finnegan.com |
| 2 | Patrick J. Rodgers (*pro hac vice*) |
| | patrick.rodgers@finnegan.com |
| 3 | FINNEGAN, HENDERSON, FARABOW, |
| 4 | GARRETT & DUNNER, LLP |
| | 901 New York Avenue NW |
| 5 | Washington, DC 20001 |
| | Telephone:  (202) 408-4000 |
| 6 | Facsimile:   (202) 408-4400 |
| 7 | Alan J. Weil |
| | aweil@kbkfirm.com |
| 8 | Amanda D. Barrow (313583) |
| | abarrow@kbkfirm.com |
| 9 | KENDALL BRILL & KELLY LLP |
| | 10100 Santa Monica Blvd., Suite 1725 |
| 10 | Los Angeles, California 90067 |
| | Telephone: 310.556.2700 |
| 11 | Facsimile:  310.556.2705 |
| 12 | *Attorneys for Le-Vel Brands, LLC* |